"This military pay case comes before the court on cross-motions for summary judgment. Plaintiff, a former Navy officer, now working as a civilian for the Navy, asserts that defendant has wrongfully applied the Dual Compensation Act, 5 U.S.C. § 5532 (1976), to reduce his disability retirement benefits.
"Plaintiff was a bomber pilot in the Pacific during World War II. He retired for disability in 1944 upon a finding by medical review boards that he was suffering from 'psychoneurosis, anxiety neurosis.’ The disability retirement was premised on findings that plaintiffs condition was permanent, rendered him unfit for active duty, and occurred in the line of duty.
"In 1967, plaintiff accepted civilian employment with the Navy. This triggered an inquiry about the applicability to him of the Dual Compensation Act, which requires reductions in military retirement payments to certain persons holding civilian jobs with the Federal Government. The Act does not apply where the retirement was based on disability 'resulting from injury or disease received in line of duty as a direct result of armed conflict; or * * * caused by an instrumentality of war and incurred in line of duty during a period of war * * *.' 5 U.S.C. § 5532(c)(1). After consultation with the Bureau of Medicine and Surgery, the Navy Judge Advocate General determined in 1971 that plaintiffs disability was not incurred as a direct result of armed conflict nor caused by an instrumentality of war. Plaintiffs retirement pay was then decreased in the manner prescribed by statute.
"Plaintiff, contending that each of the two exceptions to the Dual Compensation Act applied to him, petitioned the *384 Board for the Correction of Naval Records for relief. That request was denied in 1974. His suit here followed, and both parties have' moved for summary judgment, contending there are no material issues of fact.
"In claiming that both of the statutory exceptions apply to him, plaintiff argues that his disability was the product of various service-related 'stress conditions.’ His enumeration of these includes having a plane crash near him and the difficulty of flying a poorly maintained bomber. Other conditions cited by plaintiff as causing his disability include maintaining constant combat-readiness, working day and night while rebuilding his squadron, and working as a technical adviser writing dialogues and preparing scripts.
"The problem with plaintiffs arguments is the absence of a nexus between the condition for which plaintiff was retired, on the one hand, and armed conflict or an instrumentality of war, on the other. Plaintiffs own enumeration of the factors causing his ailment includes matters clearly not within the ambit of either exception on which plaintiff relies. The allegedly stressful nature of his assignment as a technical adviser in the preparation of dialogues and scripts, for example, cannot seriously be considered to be linked to either armed conflict or an instrumentality of war. Nor do the long and hard hours worked by plaintiff, also cited by him as a cause of his neurosis, come within either statutory exception. We have held that a direct causal link must be shown between the armed conflict and the disability for the first exception to apply. Sode v. United States, 209 Ct. Cl. 180, 186-87, 531 F.2d 531, 535 (1976). We hold that a like obligation exists with respect to the second exception; a direct causal link must be established between an instrumentality of war and the disability. Plaintiff cannot establish a causal link between his disability and either a wartime instrumentality or armed conflict.
"Plaintiff claims very little actual combat experience during the stressful period leading to his disability, and his recitation of numerous combat-unrelated causative factors belies any claim that his disability was the direct result of armed combat. Likewise, he has ascribed his condition to numerous causes unrelated to flying his bomber, which accordingly cannot be regarded as an instrumentality of war causing disability. A direct causal link is required to be *385 shown before the exceptions to the Dual Compensation Act can be invoked, and the nature both of plaintiffs disability and of the causes to which he attributes it are such that the requisite causal link cannot be shown.
"We believe the statute entrusts the military services with primary responsibility for determining the applicability of the exceptions, and the service has determined that they are not applicable to plaintiff. That determination is supported by substantial evidence, particularly given the nature of the disability and the broad sweep of plaintiffs causative allegations. On this record, we cannot say that the service determination was arbitrary or capricious.
"Plaintiff also argues that the service lacked authority to determine in 1971 that his 1944 retirement was not grounded on such disabilities as would trigger the statute’s exceptions. He seems to think the later determination was an impermissible reopening of his 1944 disability award. But the later determination was a separate matter. The 1944 decision did not speak specifically to the issue present in 1971.[1] His disability retirement was awarded upon a determination that plaintiff was unfit for active duty and his disability was service-connected and caused by line-of-duty service. This does not necessarily mean it was the result of 'armed conflict.’ At best, plaintiff can argue only that the administrative action at that time did not consider further the cause of plaintiffs disability. Thus, such a determination was made necessary only when, in 1967, plaintiff accepted federal civilian employment. Accordingly, there can be no question but that a later determination of the cause of his disability was both permissible and necessary. Without such a determination, there would be nothing on which to base a conclusion that plaintiff was exempt from the Act.
"Plaintiff thus is left with no objection to the service’s considering in 1971 whether his disability was such as to fall within the two exceptions cited above to the Dual Compensation Act. Yet he objects also to the manner in which that issue was considered, i.e., without a notice to *386 plaintiff or an evidentiary hearing. But plaintiff admits that disability retirement pay is not 'property’ subject to fifth amendment protection. See Bell v. United States, 366 U.S. 393, 401 (1961); Andrews v. United States, 175 Ct. Cl. 561, 562-63 (1966). His argument that due process rights are involved rests on his claim that his veteran’s preference rights have been reduced. He does not allege, however, that he has any present monetary claim based on the change in his veteran’s preference status, so consideration of the veteran’s preference issue, and hence the due process issue, is premature and beyond our jurisdiction.
"it is therefore ordered, upon the written submissions of the parties, and after oral argument, that defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.”

 It appears that the retiring board may have been authorized to determine whether plaintiffs disability was incurred in combat or whether it was caused by the explosion of the instrumentality of war. See Campbell v. United States, 132 Ct. Cl. 122, 125, 132 F. Supp. 225, 227 (1955). No such finding was made concerning plaintiff. We draw no adverse inference from this, but we note it to strengthen our conclusion that the 1944 disability determination was not itself sufficient to establish the applicability of the exceptions.