In this military pay case, the plaintiff claims that his military retirement pay was unlawfully reduced pursuant to the Dual Compensation Act. 5 U.S.C. §5532 (1976 and Supp. Ill 1979). The government has moved for summary judgment, asserting that (1) plaintiffs claim is barred by the statute of limitations; (2) plaintiffs claim is barred by laches; and (3) plaintiff is bound by the decision of the Board for the Correction of Military Records denying him relief because that decision was not arbitrary or capricious and is supported by substantial evidence. The plaintiff has not responded to the government’s motion. We uphold the Correction Board’s decision, pretermitting the laches and statute of limitations issue, and grant the government’s motion for summary judgment.
The plaintiff claims that during 1943 to 1945, while on combat duty with the Air Force during World War II, he sustained various severe injuries as a result of seven separate incidents. In April 1946, the plaintiff was honor *827 ably discharged as a first lieutenant. The following month, the Veterans Administration determined that the plaintiff had received several service-connected injuries (e.g., lacerated scalp, forehead, and bridge of nose), which were rated as 0 percent disabling.
In June 1951, the plaintiff was recalled to active duty. In April 1960, while on active duty, the plaintiff was severely injured in an automobile accident, requiring that he be hospitalized for one year. The plaintiff was also injured, though not as severely, in another automobile accident in 1961. Neither accident was related to his military service.
In March 1963, the plaintiff tendered his resignation from the military service. After two sets of Physical Evaluation Board decisions and an opinion by the Physical Review Council, the Air Force determined that the plaintiff was disabled, that he had a combined compensable disability rating of 30 percent, and that his injuries were not incurred in combat. Plaintiff retired for dsiability in April 1964 and began to draw retirement pay.
In February 1965, the Air Force Board for Correction of Military Records ("Correction Board”) increased the plaintiffs disability rating to 70 percent.
In April 1970, plaintiff became a civilian employee of the Department of the Interior. This triggered the application of the Dual Compensation Act, 5 U.S.C. § 5532(b), which requires reductions in military retirement pay to certain persons employed in civilian federal jobs. No reductions in the plaintiffs military retirement pay, however, were made between April 1970 and February 1972. In March 1972, the Air Force, upon learning of plaintiffs federal employment, reduced his retirement pay as required and also made deductions from his retirement pay to offset the overpay-ments he had received from April 1970 to February 1972.
In February 1973, plaintiff applied to the Correction Board for a determination that his "physical disability was received in the line of duty as a direct result of armed conflict or caused by an instrumentality of war and incurred in the line of duty during a period of war.” The requirement for reducing military retirement pay for civilian federal employees is inapplicable if the retirement pay "is computed, in whole or in part, based upon a *828 disability — (A) resulting from injury or disease received in line of duty as a direct result of armed conflict, or (B) caused by an instrumentality of war and incurred in line of duty during a period of war.” 5 U.S.C. § 5532(d)(1). The plaintiff claims that these exceptions cover him because his disability results from his 1943 to 1945 injuries.
In April 1976, the Correction Board denied plaintiff relief holding that his disability did not come within either of these exceptions.
The Dual Compensation Act "entrusts the military services with the primary responsibility for determining the applicability of the exceptions” under the Act and such determinations will not be disturbed unless they are arbitrary, capricious, or unsupported by substantial evidence. Huff v. United States, 216 Ct. Cl.383, 385 (1978). Similarly, "[ojnce a plaintiff has sought relief from the Correction Board, such plaintiff is bound by the board’s determination unless he can meet the difficult standard of proof that the Correction Board’s decision was illegal * * *.” Sanders v. United States, 219 Ct. Cl.285, 298, 594 F.2d 804, 811 (1979). Plaintiff has not shown that the Correction Board’s decision was improper.
The Correction Board stated that "a careful consideration by the Board of [the plaintiffs] military record, together with such facts as have been presented by [him], fails to establish a showing of probable error or injustice in [his] case.” This report presumably was based upon the Surgeon General’s analysis and evaluation of the plaintiffs disability, which concluded that:
Review of medical records reveals that the member’s "chronic brain syndrome” was the direct result of a private automobile accident, in St. Louis, Missouri in April of 1960. Evidence in the records also indicates that the member had another automobile accident, with history of brain concussion, in March of 1961, near Dixon, Missouri. The member’s allegations are not substantiated or supported by evidence of record.
The plaintiffs petition does not allege that the Correction Board’s decision was arbitrary, capricious, or unsupported by substantial evidence. Instead, he apparently wants us to *829 decide de novo matters that the Correction Board has decided. This we cannot do.
We conclude that the Correction Board’s decision is supported by substantial evidence that plaintiffs compen-sable injuries were incurred as a result of his 1960 and 1961 automobile accidents, and not as a result of his World War II service, and has not been shown otherwise to be arbitrary or capricious. The plaintiff is not entitled to recover. The defendant’s motion for summary judgment is granted and the petition is dismissed.
Plaintiffs motion for rehearing was denied October 2, 1981.