Ignacio **NOGUERA**, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

**No. 89–3059.**

United States Court of Appeals,
Federal Circuit.

July 7, 1989.

Edward L. Pina, of Karam, Naranjo & Kruger, San Antonio, Tex., for petitioner.

William K. Olivier, of the Civil Div., Dept. of Justice, Washington, D.C., for respondent. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, and Robert A. Reutershan, Asst. Director. Of counsel were James M. Strock, Gen. Counsel, Thomas F. Moyer, Asst. Gen. Counsel, and Murray M. Meeker, Office of Gen. Counsel, Office of Personnel Management.

Before MARKEY, Chief Judge, COWEN and BENNETT, Senior Circuit Judges.

BENNETT, Senior Circuit Judge.

Petitioner Noguera appeals a final decision of the Merit Systems Protection Board (MSPB or board), 38 M.S.P.R. 453 (1988), Docket No. DA831M8610371. The board denied his request for an exemption from the restrictions prohibiting the crediting of the years of his military service to civil service retirement since he was receiving military retirement pay. 5 U.S.C. § 8332(c)(2) (1982). We affirm.

## BACKGROUND

Petitioner served in the Army from November 19, 1940 to October 17, 1945, and was awarded military disability retirement pay on October 18, 1945. Later he served in the civil service for 25 years and retired on January 10, 1981. His length of military service was originally included in the creditable service used to determine his civil service retirement annuity. Petitioner was notified by the Office of Personnel Management (OPM) on October 18, 1985, that the inclusion of his military service in determining his civil service annuity was contrary to law since he was receiving military retired pay. 5 U.S.C. § 8332(c)(2) (1982). OPM notified petitioner that the error, which was not his fault, resulted in an overpayment of $10,388.80 that would be recouped by deductions from his monthly annuity payments over a 36–month period. OPM waived the overpayment of $3,666 which had accrued more than 3 years before petitioner received notice of the overpayments. The mathematical accuracy of these sums is not contested. Petitioner sought a complete waiver and restitution of the reduction in his civil service annuity on the ground that recovery of the overpayments was against equity and good conscience. 5 U.S.C. § 8346(b); 5 C.F.R. § 831.1401 (1988).

Petitioner's main contention has been and is that his military retired pay was based on a medical condition resulting from an instrumentality of war and therefore he is excepted from the restrictions of the statute which prohibit crediting the same military service twice, once for military retired pay and again for a civil service annuity, absent presence of one of the two exceptions in section 8332(c)(2). The MSPB disagreed. A predecessor court long ago upheld the prohibition of dual compensation. *See Bailey v. United States*, 511 F.2d 540 (Ct.Cl.1975). However, the facts of the present case are different and unique. Jurisdiction of the MSPB and of this court to consider the claim is not at issue.

OPINION

The principal statute which governs this case states in pertinent part:

(2) If an employee or Member is awarded retired pay based on any period of military service, the service of the employee or Member may not include credit for such period of military service unless the retired pay is awarded—

(A) based on a service-connected disability—

(i) incurred in combat with an enemy of the United States; or

(ii) caused by an instrumentality of war and incurred in line of duty. . . .

5 U.S.C. § 8332(c)(2); *see* 5 C.F.R. § 831.301 (1988). Thus, under section 8332(c)(2)(A)(i) "[a] military retiree, except for those with combat injuries, is required to waive all of his retired pay if he wishes to have his years of uniformed service counted with his civilian service in the calculation of a civil service annuity." *Absher v. United States*, 805 F.2d 1025, 1026 (Fed. Cir.1986). Petitioner asserts, however, that his medical condition, a gastrointestinal ulcer, was caused by the psychological stress of serving as an officer at a German prisoner of war camp in Virginia from January to May 1945. Petitioner contends that this qualifies him for an exception to the prohibition of dual compensation on the ground that a prisoner of war camp is an instrumentality of war as contemplated under 5 U.S.C. § 8332(c)(2)(A)(ii). We do not, therefore, need to address asserted exception A(i) to the statute for there is no evidence that petitioner's disability arose from combat with an enemy of the United States.

■ The Department of the Army certified to OPM that petitioner's military retirement pay was not based on a disability incurred in enemy combat or caused by an instrumentality of war.* The primary responsibility for determining the applicability of statutory exceptions to dual compensation for military service rests with the military authorities whose determinations will not be disturbed judicially unless they are arbitrary, capricious, or unsupported by substantial evidence. *See Morderosian v. United States*, 228 Ct.Cl. 826, 828 (1981) (citing *Huff v. United States*, 578 F.2d 1389, 216 Ct.Cl. 383, 385 (1978)). *Cf.* 48 Comp.Gen. 219, 225 (1968).

In *Dickson v. Office of Personnel Management*, 37 M.S.P.R. 465 (1988), an issue similar to the one now before the court was decided. Dickson served as a flight officer in the United States Army between 1943 and 1945 and was given a physical disability discharge. Later he was employed by the Federal Aviation Administration as an air traffic control specialist, retiring ultimately as an employee under civil service. OPM credited his military service in computing his civil service retirement despite the provisions of 5 U.S.C. § 8332(c) prohibiting the counting of military service thereunder, absent a statutory exception. When OPM noticed this error it was corrected. Dickson then stated he was receiving military retired pay because of an injury received while on duty by an instrumentality of war, namely, intense flight sound through headphones which caused permanent deafness. The Department of Defense (DOD) certified that a radio headset was not an instrumentality of war.

■ The MSPB ruled that neither it nor the OPM had authority to review DOD's determination by its certification because this was a purely internal military matter entrusted by statute to the Secretary of the appropriate military department and was outside the purview of title 5 of the United States Code. As we have stated many times, the MSPB jurisdiction is not plenary. It has only that jurisdiction granted to it by law, rule, or regulation. 5 U.S.C. § 7701(a) (1982); 5 C.F.R. § 1202(3)(a) (1988); *Maddox v. MSPB*, 759 F.2d 9 (1985).

■ 10 U.S.C. § 1552(a) (1982) authorizes the Secretary of a military department, acting through a Board for the Correction of Military Records, to correct an

---

* Although petitioner's disability had been found to be an incident of commissioned service, this does not mean that he can escape the prohibition against dual compensation unless he can qualify under one of the two exceptions to 5 U.S.C. § 8332(c)(2).

error in any military record or to remove an injustice and, except when procured by fraud, such correction is final and conclusive on all officers of the United States. Further, only a Secretary can retire military personnel because of physical disability incurred in the Armed Services and thus determine the cause of that disability. 10 U.S.C. § 1201 (1982). The MSPB therefore concluded that OPM properly relied on the military's certification and that it was without authority to review it. The same must be true with petitioner Noguera for we agree with the analysis and holding in *Dickson*.

Petitioner does not claim to have petitioned the Army Board for the Correction of Military Records to change the basis for his military retirement pay. He also points to no authority supporting his contention that a prisoner of war camp is an instrumentality of war. The legislative history indicates that Congress intended this exception to apply to disabilities caused by traumatic injuries. Originally the exception read "for disabilities resulting from *an explosion* of an instrumentality of war." Act of July 15, 1940, ch. 626, 54 Stat. 761 (emphasis added); *see Campbell v. United States*, 132 F.Supp. 225, 132 Ct.Cl. 122 (1955) (holding petitioner was entitled to an exception on the grounds his injuries were caused by an explosion of an ammunition train in Germany which was an instrumentality of war). In 1954 the explosion requirement was deleted. Act of February 20, 1954, ch. 13, 68 Stat. 18. The legislative history indicates the purpose of this change was to broaden the scope of the exemption. S.Rep. No. 885, 83d Cong., 2d Sess., *reprinted in* 1954 U.S.Code Cong. & Admin.News 2023, 2023. The report states that the explosion requirement resulted in inequities since, for example, an Air Force officer disabled due to an explosion after his plane crashed was entitled to the exception, but another officer who received the same injuries from a crash without explosion was not so entitled. *Id.* Thus Congress did not intend to change the nature of the exception founded on traumatic injuries or, as later restated, by an instrumentality of war.

Even where there is a bona fide instrumentality of war to qualify for the exception there must be a showing of a direct causal link between the disability and the instrumentality of war. *Huff*, 578 F.2d 1389, 216 Ct.Cl. at 384 (denying an exception to dual compensation since petitioner, a former Navy bomber pilot in WW II, failed to show a causal link or nexus between his disability of psychoneurosis, anxiety neurosis and stress, and armed conflict or an instrumentality of war).

CONCLUSION

Petitioner failed to meet his burden of proof to show that his military service was creditable in computing his civil service retirement annuity for several reasons. He failed to show the required direct causal relationship between his disability and an instrumentality of war. He also failed to show that the MSPB had jurisdiction to review the finding of the Department of the Army as reflected by its certification to OPM of petitioner's military retired pay status. Finally, he did not exhaust his administrative remedy by appealing to the Army's Board for the Correction of Military Records. In short, he failed to show that the MSPB determination that he was not entitled to a waiver under an exception to the statute was arbitrary, capricious, unsupported by substantial evidence or otherwise defective as a matter of law. 5 U.S.C. § 7703(c) (1982). All of petitioner's other arguments not addressed here have been considered but are not found to be dispositive in reaching our stated conclusions.

AFFIRMED.