950 F.2d 731
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daryl N. ROBERTSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3391.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1991.
 
 Before PAULINE NEWMAN, ARCHER and MICHEL, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Daryl N. Robertson petitions for review of the initial decision of the administrative judge (AJ) dated December 22, 1989, Docket No. SF831M8910829, which upon denial of review by the Merit Systems Protection Board (board) on May 24, 1991 became the board's final decision. See 5 C.F.R. § 1201.113(b). The decision sustained the determination by the Office of Personnel Management (OPM) that Robertson had been overpaid $71,444 in civil service annuity benefits but remanded the case to OPM to consider waiver of the overpayment. We affirm.
 
 DISCUSSION
 
 2
 On appeal, Robertson argues that because he is "a disabled veteran receiving compensation" he necessarily has a "service connected disability" and that he is therefore entitled to credit for his military service in computing both his civil service retirement annuity and his military retired pay. Robertson has not shown, however, that his disability is service-connected within the meaning of 5 U.S.C. § 8332(c)(2).
 
 
 3
 A "service-connected disability" must be "(i) incurred in combat with an enemy of the United States; or (ii) caused by an instrumentality of war and incurred in line of duty during a period of war." 5 U.S.C. § 8332(c)(2). The Department of the Navy certified to OPM that Robertson's disability caused by tuberculosis did not satisfy either of the two statutory requirements. The board is without authority to review the Navy's finding. Noguera v. Office of Personnel Management, 878 F.2d 1422, 1425 (Fed.Cir.1989). Based on this finding, the board correctly sustained OPM's determination that an overpayment exists in the amount of $71,444. We will not disturb the board's decision unless it is arbitrary, capricious, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 4
 Finally, we agree with the board's decision that this case should be remanded to OPM for a waiver determination.