**James L. BILLINGER, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 99–3241.**

United States Court of Appeals, Federal Circuit.

March 22, 2000.

James L. Billinger, of Vienna, Virginia, pro se.

Jonathan M. Coleman, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director.

Before LOURIE, RADER, and BRYSON, Circuit Judges.

LOURIE, Circuit Judge.

James L. Billinger petitions for review of the final decision of the Merit Systems Protection Board reversing the administrative judge's ("AJ's") initial decision, which had reversed the Office of Personnel Management's ("OPM's") decision to deny Billinger's request that his unused sick leave be credited in his Civil Service Retirement System ("CSRS") annuity computation. *See Billinger v. OPM,* 82 M.S.P.R. 195 (M.S.P.B.1999). Because Billinger's unused sick leave was earned under a formal leave system and therefore is creditable under the CSRS, we reverse and remand.

## BACKGROUND

Mr. Billinger retired on February 28, 1997, after completing 31 years of federal service, the last 25 of which he served as an employee of the U.S. House of Representatives Joint Committee on Taxation ("Joint Committee"). *See Billinger,* at 196. Based on his federal service, Billinger is entitled to a retirement annuity under the CSRS. *See* 5 U.S.C. § 8311(1) (1994). Upon retiring, Billinger requested that his unused sick leave be included as an additional period of service in the computation of his retirement annuity. OPM denied his request, concluding that he was not entitled to service credit for his unused sick leave because he was not covered under "a formal leave system." *See Billinger,* at 196; *see also* 5 U.S.C. § 8339(m) (1994).

Billinger appealed to the Board. In an initial decision, the AJ disagreed with OPM, concluding that Billinger was covered by "a formal leave system," as defined by OPM's own regulations and guidelines. *See Billinger,* at 196. The AJ noted that the Joint Committee's 1976 and 1979 leave memoranda and its August 1996 Policy Manual specified the group or class of employees to which the leave sys-

tem applies and the rate at which sick leave accrues, thereby satisfying the "written rule" requirement for formal leave systems. *See id.* at 196–97 (quoting OPM, *CSRS and FERS Handbook,* ch. 20, § 20A2.3–1 (Aug. 15, 1995)); *see also* 5 C.F.R. § 831.302(c) (1999).

OPM filed a petition for review of the initial decision. In its final decision, the Board granted OPM's petition and reversed the AJ's decision. *See Billinger,* at 196.* The Board concluded that the Joint Committee's memoranda and Policy Manual "do not constitute the 'written rules' required for a formal leave system." *Id.* at 196–97. The Board reasoned that while Congress had the opportunity to establish a formal leave system for either the Senate or the House of Representatives, it had chosen not to do so. *See id.* at 197–98. The Board further noted that the Human Resources Specialist for the U.S. House of Representatives had certified that Billinger had no unused sick leave covered under a formal leave system, and that "[t]he Board lacks jurisdiction to review an employing agency's certification regarding matters such as this." *Id.* Billinger now petitions for review by this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *see Chase–Baker v. Department of Justice,* 198 F.3d 843, 845 (Fed.Cir.1999).

■ Billinger argues that he is entitled to service credit for his unused sick leave because he was covered under "a formal leave system." Billinger asserts that the Joint Committee's memoranda and Policy

Manual provide "written rules" for its sick leave program, thereby qualifying it as a formal leave system. Billinger also challenges the Board's assertion that it lacks jurisdiction to review the Human Resources Specialist's certification that he had no unused sick leave covered under a formal leave system.

OPM responds that Billinger was not entitled to include his unused sick leave in the computation of his CSRA benefits, as he was not covered under a formal leave system. OPM argues that Billinger is not covered by a leave system established by Congressional legislation, and summarily states that the Joint Committee's memoranda and Policy Manual do not constitute the "written rules" required for a formal leave system. OPM further contends that the Board lacks jurisdiction to review an employing agency's certification regarding retirement matters.

We agree with Billinger that he is entitled to service credit for his unused sick leave because he was covered under "a formal leave system." The principal statute that governs this case, 5 U.S.C. § 8339(m), states in pertinent part that:

> In computing any annuity under subsections (a)-(e), (n), and (q) of this section, the total service of an employee who retires on an immediate annuity *includes ... the days of unused sick leave to his credit under a formal leave system . . . .*

5 U.S.C. § 8339(m) (1994) (emphasis added). Under the relevant regulation, a "formal leave system" is defined as "one which is provided by law or regulation *or operates under written rules* specifying a group or class of employees to which it applies and the rate at which sick leave is earned." 5 C.F.R. § 831.302(c) (1999) (emphasis added); *see also* OPM, *CSRS and FERS Handbook,* ch. 20, § 20A2.3–1 (Aug. 15, 1995) (same definition).

---

\* Chairman Erdreich filed a dissenting opinion, in which he agreed with the AJ that Mr. Billinger was covered by a formal leave sys-

tem. *See Billinger,* at 199–200 (Erdreich, Chairman, dissenting).

■ OPM argues that Billinger is not covered by a formal leave system established pursuant to legislation. However, under 5 C.F.R. § 831.302(c), a formal leave system need not be established by legislation if it operates under "written rules." Although OPM summarily states that the Joint Committee's memoranda and Policy Manual do not constitute the "written rules" required for a formal leave system, it does not dispute Billinger's assertions that these documents are written and clearly specify the "group or class of employees to which [the leave system] applies and the rate at which sick leave is earned." 5 C.F.R. § 831.302(c) (1999). The Joint Committee's Policy Manual plainly states that:

> All staff members are entitled to 10 days of paid sick leave per year. Sick leave is accrued monthly.... In general, unused sick leave can be carried over from one year to the next.

Joint Comm. on Taxation, U.S. House of Reps., *Policy Manual* 24 (1996). Likewise, Joint Committee memoranda state that staff members are granted ten days of sick leave each year, and that sick leave is carried over from one year to the next. *See* Memorandum from Lawrence N. Woodworth to the Staff of the Joint Committee on Internal Revenue Taxation 2 (Jan. 12, 1976); Memorandum from Bob Shapiro to the Staff of the Joint Committee on Taxation 2 (Jan. 19, 1979). Accordingly, these documents constitute the requisite "written rules" that qualify the Joint Committee's sick leave program as a formal leave system.

■ The only other support that OPM offers for its position that Billinger is not covered by a formal leave system, relied on in part by the Board, is the certification by the Human Resources Specialist of the U.S. House of Representatives that Billinger had no unused sick leave covered under a formal leave system. Citing *Noguera v. OPM*, 878 F.2d 1422 (Fed.Cir. 1989), OPM argues that it is entitled to rely upon an employing agency's certification on retirement matters, and that the

Board lacks jurisdiction to review such certifications.

■ We disagree. Here, the OPM's reliance on the Human Resources Specialist's certification constitutes an agency determination that affects Billinger's rights under the CSRS, and it is therefore reviewable by the Board. *See* 5 U.S.C. § 8347(d)(1) (1994); 5 C.F.R. § 1201.3(a)(6) (1999). Furthermore, to the extent that the certification itself involves a legal conclusion, *i.e.*, that Billinger was not covered under a "formal leave system," and is based on the agency's application of a regulation, *see* 5 C.F.R. § 831.302(c) (1999) (defining "formal leave system"), it is not immune from review. If such a conclusion (*i.e.*, the certification) is contrary to law, it is the Board's duty to overturn it. Such is the case here, and the Board erred in concluding that it lacked jurisdiction.

In *Noguera*, we held that neither the Board nor OPM had authority to review a Department of Defense certification because it involved "a purely internal military matter entrusted by statute to the Secretary of the appropriate military department and was outside the purview of title 5 of the United States Code." *Noguera*, 878 F.2d at 1424; *see also* 10 U.S.C. § 1552(a)(4) (1994) (providing that the correction of a military record by the Secretary of a military department is "final and conclusive"). *Noguera* is inapposite, however, as the issue in the present case is neither "a purely internal military matter" nor "outside the purview of title 5 of the United States Code." *Noguera*, 878 F.2d at 1424. As correctly noted by the Board, "the sole issue in this appeal is whether the period of [Billinger's] total service for annuity purposes should be increased by the number of days of unused sick leave that he had accumulated at the time of his retirement, pursuant · to 5 U.S.C. § 8339(m)." *Billinger*, at 196. Accordingly, we disagree with OPM's assertion that the Board lacks jurisdiction to review the certification of the Human Resources Spe-

cialist that Billinger had no unused sick leave covered under a formal leave system.

For these reasons, we conclude that the Joint Committee's sick leave program was a formal leave system, and that any unused sick leave should be included in the computation of Billinger's retirement annuity under the CSRS.

### CONCLUSION

The Board erred in concluding that Billinger was not entitled to have his unused sick leave included in the computation of his retirement annuity. Accordingly, we *REVERSE* and *REMAND*.