John W. DAVIS, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 02–3383.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 1, 2004.

Wild Chang, Principal Attorney, City of Industr, CA, for Petitioner.

Claudia Burke, Principal Attorney, Kathryn A. Bleecker, David M. Cohen, Kevin W. McArdle, Timothy P. McIlmail, of Counsel, Department of Justice, Paul N. St. Hillaire, of Counsel, Washington, DC, for Respondent.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

John W. Davis seeks review of a decision of the Merits Systems Protection Board ("MSPB"), affirming a decision of the Office of Personnel Management ("OPM"), which denied his application for disability retirement under the Civil Service Retirement System ("CSRS"). *Davis v. Office of Pers. Mgmt.*, No. SF831E010513–I–1 (M.S.P.B. Nov. 19, 2001). Because we find no merit to any of Davis's bases for appeal, the MSPB's final decision is affirmed.

## BACKGROUND

Davis was formerly employed by the Department of Defense ("DOD") as a contract administrator. After the DOD removed Davis from his position for excessive absenteeism, Davis filed an application for disability benefits. In his application, Davis claimed to have "arthritis, acute gastrointestinitis [sic], anxiety, depression, high blood pressure, high cholesterol, gout, insomnia, hyperlipidemia, hydrothyroidism [sic], and uncontrolled hypertension." Davis asserted that the "direct job stress associated with [his] position and mandatory interactions aggravate[d] and/or cause[d] escalation of [the] diseases" listed in his application. Further, his "arthritis causes reduced neck movement" and his "gastritis attacks" limited his ability to "timely report to [his] supervisor and ability to comply with instructions." OPM rejected his application because the medical information submitted by Davis failed to establish the presence of a sufficiently disabling medical condition, before the DOD removed him, that warranted his continued absence from work, or that an accommodation or reassignment was necessary. After OPM denied Davis's request for reconsideration, Davis appealed to the MSPB, which affirmed OPM's denial. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I. Standard of Review

Although we ordinarily review a decision of the MSPB to determine if it was arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence, 5 U.S.C. § 7703(c), our review is more limited in cases involving disability retirement. *McLaughlin v. Office of Pers. Mgmt.*, 353 F.3d 1363, 1366 (Fed.Cir.2004). Decisions by OPM in regard to disability are generally final and conclusive, and are subject to judicial review only under limited circumstances. *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 773, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *McLaughlin*, 353 F.3d at 1366. The factual underpinnings of a § 8347 disability determination may only be reviewed as provided under § 8347(d)[1] or when there has been an error in law or procedure. *Lindahl*, 470 U.S. at 779–80. Judicial review may be available if there was (1) "a substantial departure from important procedural rights," (2) "a misconstruction of governing legislation," or (3) "some like error going to the heart of the administrative determination." *Id.* at 791.

### II. Analysis

■ Davis raises four points in support of his appeal. First, Davis claims that the

---

1. Davis does not assert that any portion of § 8347(d) applies here.

MSPB and OPM disregarded *Klein v. Office of Pers. Mgmt.*, 71 M.S.P.R. 366, 371 (1996), by viewing the medical reports provided by the various doctors in isolation from each other, rather than as an integrated medical report. In *Klein*, the MSPB noted that OPM had properly found that the totality of the evidence did not establish that the appellant was entitled to disability retirement benefits. *Id.* Here, OPM "reviewed all medical evidence submitted," considered Davis's claim of disability caused by his "multiple medical symptoms," and denied his application for disability retirement benefits. Moreover, in affirming OPM, the MSPB noted that although Davis claimed to have a number of ailments, he "offered no medical evidence that any of these conditions [that he allegedly suffers], either singly, *or in combination*, are disabling." (Emphasis added). Davis offers absolutely no foundation, other than his conjecture, to support his claim that either OPM or the MSPB had evaluated his disability by viewing each of his alleged afflictions in isolation from each other. In view of the lack of evidence offered, we must reject Davis's first ground for reversal.

 Second, Davis asserts that OPM and the MSPB erred in determining whether his disability is severe enough to entitle him to disability retirement benefits. Davis argues that the MSPB had misapplied the five prong test set forth in *Burckley v. Office of Pers. Mgmt.*, 80 M.S.P.R. 617, 620–21 (1999), in determining whether he is entitled to disability retirement benefits. *Burckley* states that the following evidence must be considered: "(1) Objective clinical findings; (2) diagnoses and medical opinions; (3) subjective

evidence of pain and disability; (4) evidence relating to the effect of the applicant's condition on his ability to perform in the grade or class of position last occupied; and (5) evidence that the applicant was not qualified for reassignment to a vacant position at the same grade or level as the position he last occupied." *Id.* Davis asserts that he had submitted evidence showing that: (i) the medication prescribed to him had failed to restore to him sufficient health to permit him to resume work; (ii) the gastroenteritis aggravated his other disabling conditions throughout the period before his removal; and (iii) that a doctor found a degenerative condition in his spine, which led the doctor to recommend retirement to alleviate the pain. Davis contends that the MSPB abused its discretion in failing to credit him with this evidence in support of his disability retirement application. He cites to nothing, however, within the MSPB's decision that would lead us to conclude that it improperly discounted any relevant evidence in concluding that Davis failed to prove by a preponderance of evidence that his medical condition was disabling. Accordingly, we find no basis to hold that the MSPB had misapplied *Burckley*, and conclude that no exception under *Lindahl* applies that would permit this court to examine the factual underpinnings of the disability determination made below.[2] *Lindahl*, 470 U.S. at 791.

Third, Davis contends that he was so disabled that the DOD should have applied for disability retirement benefits on his behalf, and that the MSPB erred by failing to hold the DOD responsible for its failure to apply. OPM objects to Davis's claim because he did not raise this issue with

---

**2.** Davis's attorney at oral argument played a tape recorded portion of Davis, proceeding *pro se*, at the hearing before the administrative judge, in an apparent effort to demonstrate Davis's deteriorated medical status. As previously mentioned, however, we are precluded by *Lindahl* from re-examining the facts that formed the disability determination.

either it or the MSPB below. Because Davis submitted no evidence or argument in his brief or at oral argument to dispute OPM's contention, we are compelled to conclude that he did not in fact preserve this issue for our consideration.[3] *Pierce v. Merit Sys. Prot. Bd.*, 242 F.3d 1373, 1375 (Fed.Cir.2001).

■ As for Davis's fourth and last basis of appeal, he alleges that an April 14, 2000 memorandum prepared by his employer that voices its support for his retirement disability benefits application "should be construed as a certification that the employing agency had submitted a *de facto* application for disability retirement for petitioner," which deprives the MSPB of jurisdiction under *Sangenito v. Office of Pers. Mgmt.*, 85 M.S.P.R. 211 (2000). OPM objects, as a threshold matter, to our consideration of this last issue because it also was not raised below. Davis does not dispute that he failed to raise the issue of the MSPB's jurisdiction earlier. Although OPM is correct in asserting that issues raised for the first time on appeal will not generally be heard, *James v. Fed. Energy Regulatory Comm'n*, 755 F.2d 154, 156 (Fed.Cir.1985), a party's failure to object to OPM's and the MSPB's jurisdiction does not necessarily operate to imbue them with jurisdiction on matters that have been entrusted by statute to someone else. *See, e.g., Noguera v. Office of Pers. Mgmt.*, 878 F.2d 1422, 1424 (Fed.Cir.1989) ("As we have stated many times, the MSPB jurisdiction is not plenary. It has only that jurisdiction granted to it by law, rule or regulation."). Thus, although Davis failed to present this jurisdictional

question earlier, we conclude that it is nonetheless properly before us.

■ On the merits, the MSPB commented in *Sangenito* that it lacked jurisdiction over the disputed matter because it had been entrusted to the employing agency to certify. 85 M.S.P.R. at 216. Davis suggests that the same holds true here. Putting aside the fact that Davis's position is inconsistent with his third point above, Davis cites no authority to demonstrate that the employing agency's "certification" of his alleged disability carries any weight when unsupported by evidence. The memorandum merely states that the agency supports his application for retirement disability. More importantly, even if we treated the memorandum as a *de facto* "certification" of his disability, it is OPM that ultimately determines whether Davis is in fact disabled for purposes of disability retirement benefits. *See* 5 U.S.C. § 8337(a) ("Any employee shall be considered to be disabled only if the employee is found by the Office of Personnel Management to be unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment."); 5 C.F.R. § 831.1206 (holding OPM responsible for reviewing evidence to determine whether an applicant is entitled to disabled retirement benefits); *see also Lizut v. Dep't of Army*, 717 F.2d 1391, 1394 (Fed.Cir.1983) ("The employing agency does not decide whether disability retirement is appropriate. That decision is made by OPM after an application for disability is made.").

---

**3.** Even if we disregarded Davis's failure to preserve this claim, we would note that his attempt to invoke 5 U.S.C. § 8451(a)(1)(A) must fail because the terms of his disability retirement is covered not by the Federal Employees' Retirement System ("FERS"), i.e., § 8451, but rather by the CSRS, i.e., 5 U.S.C.

§ 8337. Assuming Davis meant to reference § 8337(a), which is the counterpart provision to § 8451(a)(1)(A), Davis's claim would still not succeed because Davis must first show that he is disabled before the provision applies, which he has failed to do. *See supra.*

Accordingly, Davis's last claim is plainly without merit.

## CONCLUSION

For the foregoing reasons, we affirm the MSPB's decision.