**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DANA R. WALLACE,
                Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,
                Agency.

DOCKET NUMBER
SF-0831-13-0247-I-1

DATE: August 28, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dana R. Wallace</u>, Lakewood, Washington, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) final decision finding that the appellant was receiving the correct retirement annuity under the provisions of the Firefighter Pay Reform Act (FPRA), Pub. L. No. 105-277.  For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the reasons discussed below, we DENY the appellant's petition for review and AFFIRM the initial decision AS MODIFIED. Except as expressly modified by this Final Order, the initial decision is the Board's final decision.

## BACKGROUND

¶2    Effective July 3, 2010, the appellant retired from his Fire Protection Inspector position with the Department of the Army under the Civil Service Retirement System (CSRS). *See* 5 U.S.C. § 8336(c); Initial Appeal File (IAF), Tab 10 at 99, 118. In December 2011, the appellant filed an appeal with the Board alleging that the amount of his retirement annuity was incorrect due to errors on the Individual Retirement Record (IRR) that the Army had provided OPM. *Wallace v. Office of Personnel Management*, MSPB Docket No. SF-0831-12-0163-I-1 (0163), Initial Appeal File (IAF), Tab 1 at 3-4. Because OPM had not issued a final decision on the appellant's claim, the administrative judge dismissed the appeal for lack of jurisdiction by initial decision dated February 16, 2012, and remanded the appeal to OPM for a final decision. 0163, Initial Decision (Feb. 16, 2013).

¶3    On February 8, 2013, the appellant filed this appeal, alleging that OPM had not issued a final decision on his claim that the amount of his retirement annuity was incorrect due to errors on his IRR. *Wallace v. Office of Personnel Management*, MSPB Docket No. SF-0831-13-0247-I-1 (0247), IAF, Tab 1. The administrative judge issued an acknowledgement order in which she informed the appellant that his appeal must be dismissed for lack of jurisdiction unless he amended the appeal to show that a final decision had been issued, and the administrative judge ordered the appellant to file evidence and argument to prove that this action is within the Board's jurisdiction. 0247, IAF, Tab 2 at 2.

¶4    In a submission dated February 26, 2013, the appellant asked the Board to "review regulations issued by OPM or the implementation of OPM regulations by an agency . . . ." 0247, IAF, Tab 5 at 2. More specifically, the appellant asked

the Board to review "the implementation and enforcement of the rules and regulations that are under Title V overtime pay and Title 29 [Fair Labor Standards Act] (FLSA) overtime pay." *Id.* The administrative judge notified the appellant that his request would not be considered as part of this appeal because any challenge to the implementation of OPM's regulations must be filed with the Clerk of the Board, not the regional office. 0247, IAF, Tab 8.

¶5    In its February 26, 2013 response to the acknowledgment order, OPM moved to dismiss the appeal for lack of jurisdiction because it had not issued a final decision in this matter. 0247, IAF, Tab 4. Two days later, however, OPM issued a final decision affirming its initial decision in which it had found that the appellant was receiving the correct annuity under the FPRA. 0247, IAF, Tab 6. In its final decision, OPM stated that it must compute benefits based on the certified pay records of the employing agency. *Id.* at 3.

¶6    Based on the written record, the administrative judge issued an initial decision in which he affirmed OPM's final decision, finding that appellant failed to show any error in OPM's calculation of his annuity based on the IRR certified by his employing agency.[2] 0247, IAF, Tab 13, Initial Decision (ID) at 1, 5-6. The administrative judge stated that the appellant's remedy for any error in his IRR relating to his basic pay is to "petition the Department of the Army to review his claims of error and to amend his IRR, if warranted, and to forward the amended IRR to OPM for its consideration and for any adjustment required to his annuity." ID at 6. In addition, the administrative judge again advised the

---

[2] The administrative judge also found that, although the appellant's appeal was premature in that it was filed before OPM issued its final decision, the appeal became ripe for adjudication when OPM issued its final decision while the appeal was pending before the administrative judge. ID at 4-5 (citing *Garnace v. Office of Personnel Management*, 51 M.S.P.R. 375 (1991) (the Board's practice is to adjudicate an appeal that is premature when filed but becomes timely while pending before the Board)). We discern no reason to disturb this finding.

appellant that any claim regarding the implementation of OPM regulations must be filed with the Clerk of the Board.  ID at 6.

¶7      The appellant has filed a petition for review, with a supplement.  Petition for Review (PFR) File, Tabs 1-2.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 5.

## ANALYSIS

<u>The Board has jurisdiction to consider the appellant's arguments regarding the accuracy of the IRR underlying the OPM final decision at issue in this appeal.</u>

¶8      In affirming OPM's final decision, the administrative judge noted that "[t]he Board has consistently held that OPM is entitled to rely on the information contained in the IRR unless and until the IRR is amended by the employing agency and that the Board lacks jurisdiction to review the employing agency's certification of an IRR."  ID at 6 (citing *O'Connell v. Office of Personnel Management*, 103 M.S.P.R. 579, ¶ 4 (2006)).  The administrative judge stated that "[t]he Board is without jurisdiction to order OPM to obtain a 'corrected' IRR for an employing agency."  ID at 6.

¶9      While the appellant's petition for review was pending, the Board issued *Conner v. Office of Personnel Management*, 120 M.S.P.R. 670 (2014).  In *Conner*, the Board addressed the tension between some Board decisions (including *O'Connell*) and U.S. Court of Appeals for the Federal Circuit decisions regarding whether the Board may consider the appellant's evidence challenging the accuracy and completeness of IRRs.  *Id.*, ¶¶ 4-6.  The Board noted that, in *Lisanti v. Office of Personnel Management*, 573 F.3d 1334, 1340 (Fed. Cir. 2009), the Federal Circuit found that, when an employee challenges an agency's interpretation of the term "basic pay," "OPM, and subsequently the Board, are required to entertain that claim absent some clear congressional intent to the contrary."  *Conner*, 120 M.S.P.R. 670, ¶ 5.  In addition, the Board noted that, in *Billinger v. Office of Personnel Management*, 206 F.3d 1404 (Fed. Cir. 2000), the Federal Circuit rejected OPM's argument that it is entitled to rely on an

employing agency's certification on retirement matters and that the Board lacks jurisdiction to review such certifications. *Conner*, 120 M.S.P.R. 670, ¶ 5. Recognizing that precedential decisions of the Federal Circuit are controlling authority for the Board, in *Conner* the Board overruled *O'Connell* and similar cases to the extent that they are inconsistent with *Lisanti* and *Billinger*. *Id.*, ¶ 6. The Board found that, consistent with Federal Circuit precedent, it has jurisdiction to review the accuracy and completeness of IRRs in the context of OPM final decisions that rely on them. *Id.* We therefore have considered the appellant's arguments regarding the accuracy and completeness of the IRR underlying the OPM final decision at issue in this appeal.

<u>There is no basis for finding that the appellant's IRR is incorrect.</u>

¶10    The FPRA changed the way in which pay is computed for GS-081 firefighters whose regularly scheduled workweeks average 53 hours or more.[3] *See* 0163, IAF, Tab 1 at 52. Prior to the enactment of the FPRA, firefighters were entitled to the same rate of basic pay that applied to General Schedule employees with a 40-hour workweek. *Id.* In addition, they generally received standby duty pay, a form of premium pay, under 5 U.S.C. § 5545(c)(1) to compensate them for their extended tours of duty, which was paid as a percentage of basic pay not to exceed 25 percent of the employee's rate of basic pay. 0163, IAF, Tab 1 at 52. For retirement purposes, basic pay included standby duty pay under 5 U.S.C. § 5545(c)(1). *See* 5 U.S.C. 8331(3)(C).

¶11    Further, firefighters covered by the FLSA overtime provisions also received additional pay under the FLSA. 0163, IAF, Tab 1 at 52. The overtime standard for firefighters under the FLSA is 53 hours per week (or 106 biweekly). *Id.* For overtime hours within their regularly scheduled workweek, firefighters received a

---

[3] It is undisputed that the appellant occupied a GS-081 position and that his regularly scheduled workweek averaged 53 hours or more. *See* 0247, IAF, Tab 6 at 3 (stating that the appellant worked an uncommon tour of duty of 144 hours per pay period), Tab 10 at 105-13 (reflecting that the appellant occupied a GS-081 position).

supplemental half-rate premium (in addition to basic pay and standby pay received for regularly scheduled hours). *Id.* For irregular overtime hours, firefighters received time-and-a-half overtime pay. *Id.*

¶12     The FPRA amended Title 5 of the U.S. Code by adding §§ 5542(f) and 5545b, "Pay for Firefighters." Section 5542(f) provides as follows:

> In applying subsection (a) of this section with respect to a firefighter who is subject to section 5545b--
>
> (1) such subsection shall be deemed to apply to hours of work officially ordered or approved in excess of 106 hours in a biweekly pay period, or, if the agency establishes a weekly basis for overtime pay computation, in excess of 53 hours in an administrative workweek; and
>
> (2) the overtime hourly rate of pay is an amount equal to one and one-half times the hourly rate of basic pay under section 5545b (b)(1)(A) or (c)(l)(B) as applicable, and such overtime hourly rate of pay may not be less than such hourly rate of basic pay in applying the limitation on the overtime rate provided in paragraph (2) of such subsection (a).

Section 5545b provides, in pertinent part:

> (b)(2) For the purpose of section[ ]. . . 8331(3) . . . and for such other purposes as may be expressly provided for by law or as [OPM] may by regulation prescribe, the basic pay of a firefighter subject to this subsection shall include an amount equal to the firefighter's basic hourly rate . . . for all hours in such firefighter's regular tour of duty (including overtime hours).
>
> . . .
>
> (d)(1) A firefighter who is subject to this section shall receive overtime pay in accordance with section 5542, but shall not receive premium pay provided by other provisions of this subchapter.

(2) For the purpose of applying section 7(k) of the [FLSA] to a firefighter who is subject to this section, no violation referred to in such section 7(k) shall be deemed to have occurred if the requirements of section 5542(a) are met, applying section 5542(a) as provided in subsection (f) of that section: Provided, that the overtime hourly rate of pay for such firefighter shall in all cases be an amount equal to one and one-half times the firefighter's hourly rate of basic pay under . . . this section . . . .

¶13    Thus, the FPRA eliminated standby duty pay, barred payment of any other premium pay, and treated the straight-time portion of overtime pay[4] for overtime hours in the firefighter's regular tour of duty as basic pay for retirement and other purposes. However, the extra half-rate premium for those overtime hours is not basic pay for these purposes. *See* 0163, IAF, Tab 1 at 54-55.

¶14    In addition, 5 C.F.R. § 550.1305 of the OPM regulations implementing the FPRA provides, in pertinent part:

(a) The sum of pay for nonovertime hours that are part of a firefighter's regular tour of duty (as computed under §550.1303) and the straight-time portion of overtime pay for hours in a firefighter's regular tour of duty is treated as basic pay only for [certain purposes, including]:

(1) Retirement deductions and benefits under chapters 83 and 84 of title 5, United States Code[.]

Consequently, federal firefighters who work a 72-hour week receive time-and-a--half for the 19 hours of overtime worked each week, but their retirement benefit is calculated as if they were receiving straight-time pay for this regularly scheduled overtime.

---

[4] The straight-time portion of overtime pay is the firefighter's hourly rate of basic pay multiplied by the number of overtime hours in the firefighter's regular tour of duty. 5 C.F.R. § 550.1305(b); *see* 0163, IAF, Tab 1 at 54.

¶15     The appellant argues on review that the supplemental half-rate premium pay is part of his rate of basic pay under FLSA rules and therefore should have been included as part of his annualized salary on his IRR.  PFR File, Tab 1 at 7. As explained above, however, pursuant to the FPRA and OPM's implementing regulations, specifically, 5 C.F.R. § 550.1305, the straight-time portion of overtime pay for overtime hours in the firefighter's regular tour of duty is treated as basic pay for retirement and other purposes; however, the extra half-rate premium for those overtime hours is not basic pay for these purposes.  Therefore, we find that the appellant has failed to show any error in the calculation of his retirement annuity.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:               _____

                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.