985 F.2d 585
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patrick R. FRANCIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3376.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1992.
 
 Before RICH, CLEVENGER and RADER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Patrick R. Francis petitions for review of a Merit Systems Protection Board (Board) decision, Docket No. AT831M920111I-1. That decision affirmed the Office of Personnel Management's (OPM) reconsideration decision finding that Mr. Francis had been overpaid in civil service annuity benefits. We affirm.
 
 
 2
 Mr. Francis served two periods of active duty in the United States Navy between 1943 and 1951. On August 1, 1951, Mr. Francis was transferred to the permanent physical disability retired list and began receiving disability retired pay. Mr. Francis later joined the civil service, from which he retired in February 1976. When computing his civil service retirement annuity in 1976, the government awarded Mr. Francis credit for his military service, despite being informed by the Navy that Mr. Francis' disability retirement pay was not based on a disability incurred in enemy combat nor was it caused by an instrumentality of war in the line of duty. Credit for military service may only be double counted under these circumstances, or under chapter 67 of title 10 of the United States Code.* 5 U.S.C. § 8332(c)(2) (1988).
 
 
 3
 In April 1988, OPM informed Mr. Francis that it had recomputed his civil service retirement annuity and that he had been overpaid by $144,851.93. This overpayment occurred due to the government's mistake. Mr. Francis was not in fact eligible to receive civil service retirement credit for his military service because he did not fall into the section 8332(c)(2) exceptions and he had not waived his military retirement pay. On reconsideration, OPM determined that it would be unconscionable to collect the portion of the overpayment that had accrued more than three years before the date of OPM's overpayment notice and waived $116,548.93 of the overpayment. The amount Mr. Francis owed to the government was thus reduced to $28,303.00.
 
 
 4
 Mr. Francis appealed to the Board asserting that section 8332(c)(2) does not mandate that he waive his military pension in order to receive civil service credit for his period of military service. According to Mr. Francis, his pension was disability compensation, not "retired pay" and thus need not be waived under section 8332. Therefore, contended Mr. Francis, OPM should continue to incorporate the length of his military service into the length of his civilian service when calculating his civil service retirement annuity.
 
 
 5
 On February 11, 1992, the Administrative Judge (AJ) rejected Mr. Francis' arguments and affirmed OPM's decision. The AJ found that the Board did not have authority to review the Navy's determination that Mr. Francis was receiving retired pay and that he did not fall within the two exceptions articulated in section 8332(c)(2) because this was an internal military matter entrusted to the Secretary of the Navy. The AJ further determined that "retired pay" as used in section 8332(c)(2) includes "disability retired pay" and, therefore, that Mr. Francis' military service must be excluded from the calculation of his civil service annuity benefits.
 
 
 6
 On appeal to this court, Mr. Francis argues that the Board erred in determining that his military service should not have been included in computing his civil service retirement benefits, asserting again that his "disability retirement pay" is outside the purview of section 8332(c)(2). Mr. Francis further argues that OPM should have completely waived recovery of the overpayment because any recovery would be against equity and good conscience.
 
 
 7
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 8
 The Civil Service Retirement Act expressly provides that military retirees are required to waive most types of retirement pay in order to have their military service included when computing a civil service annuity.
 
 
 9
 If an employee or Member is awarded retired pay based on any period of military service, the service of the employee or Member may not include credit for such period of military service unless the retired pay is awarded--
 
 
 10
 (A) based on a service-connected disability--
 
 
 11
 (i) incurred in combat with an enemy of the United States; or
 
 
 12
 (ii) caused by an instrumentality of war and incurred in line of duty....
 
 
 13
 5 U.S.C. § 8332(c)(2) (1988). Mr. Francis would have us hold that all military disability pay is exempt from the demands of section 8332(c)(2). Doing so, however, would render superfluous the language of section 8332(c)(2)(A)(i) and (ii) that exempts retired pay based on specific disabilities. Further, Mr. Francis' reliance on the Career Compensation Act of 1949, Pub.L. No. 81-351, §§ 401, 402, 511, 63 Stat. 802, 816-20, 829-30, to support his distinction between "retired pay" and "disability retired pay," is misplaced. That Act does not create a legal distinction between military retired pay based on disability and military retired pay based on longevity.
 
 
 14
 Absent the distinction on which Mr. Francis based his argument, we must affirm the Board's decision that the government mistakenly overpaid Mr. Francis. The Navy certified, and Mr. Francis does not contend to the contrary, that his disability was not incurred in enemy combat and that it was not caused by an instrumentality of war in the line of duty. Thus, Mr. Francis cannot show that his military service may be included in OPM's calculation of his length of service when computing his civil service retirement annuity without waiving his military retirement pay. See Noguera v. Office of Personnel Management, 878 F.2d 1422, 1424 (Fed.Cir.1989); Absher v. United States, 805 F.2d 1025, 1026 (Fed.Cir.1986).
 
 
 15
 As noted by the AJ, Mr. Francis did not ask OPM for a complete waiver of the overpayment amount when he requested reconsideration of OPM's initial decision. Congress granted OPM the authority to make waiver determinations. 5 U.S.C. § 8346(b) (1988). Mr. Francis could not ask the Board, and cannot ask this court, to review a decision never made by OPM. Wallace v. Department of Air Force, 879 F.2d 829, 832 (Fed.Cir.1989) (citing Cecil v. Department of Transp., 767 F.2d 892, 894 (Fed.Cir.1985)). For these reasons we affirm the decision of the Board.
 
 
 
 *
 Mr. Francis does not contend that he falls within the chapter 67 title 10 exception