354 F.3d 1358
 Byron HOWARD, Leon Adams, Jerry M. Agan, Sr., Jill M. Anglin, Jery W. Baker, David Bates, Jere Beery, Robert B. Bell, Gil Berg, Michael Bodnar, Philip Ray Booker, Harold D. Bragg, Connie J. Buckley, Louis Carmen, Warren Carter, John Chassereau, James T. Cook, Margi Crook, Jack Crowley, James Devereaux, Joe H. Faulk, Gerald P. Finan, Ray Gibson, D.T. Graviss, Michael Golightly, David Haire, Paul Hamaker, Johnny Hannah, Michael R. Hasse, O.R. Hatcher, Mary Hatfield, Richard Hurlocker, Jack Hollinsworth, Michael J. Honer, Charles Hoskinson, T.J. Huckelberry, Gerald E. Johnson, Jr., Mike James, Mitchell R. Johnson, Thomas Kummer, Wayne Langdon, David Learned, Richard Longo, John Lowery, Ray Lugo, Robert F. Macdonald, Mike Mcgrath, Morrison E. Mackay, John Gillespie Magee, Jr., Larry Marwedel, Edwin Mazzanti, William E. Meadows, Domingo Mendiguchia, Jr., Frank Montoya, Stephen Mungie, James A. Norman, Dennis L. Nunnally, Pernell Perry, Paul Pritchett, Dave W. Reeves, Charles D. Revie, Thomas Rigsbee, Tom Rigsby, William Robinson, Roger Rodems, James W. Sehrt, Jr., Jon Adlai Shipp, John Snodgrass, James L. Stephens, Thomas Wayne Treece, Larry Twardzak, Douglas Wagner, James A. Walker, Curtis Williams, Alfred Wolfe, Roger Youngblood, and John Zehmisch, Plaintiffs-Appellants,
v.
UNITED STATES, DEPARTMENT OF DEFENSE, Donald H. Rumsfeld, Secretary of Defense, and United States Congress, and its individual members in their official capacities, Defendants-Appellees.
 No. 03-1338.
 United States Court of Appeals, Federal Circuit.
 January 13, 2004.
 
 John G. Corlew, Watkins & Eager PLLC, of Jackson, Mississippi, for plaintiffs-appellants. Of counsel on the brief were Ronald J. Kormanik, Sydow, Kormanik, Carrigan & Eckerson, L.L.P., of Houston, Texas; and Philip Earl Jones, Campbell & Jones, of San Antonio, Texas.
 Mark S. Davies, Attorney, Appellate Staff, Civil Division, United States Department of Justice, of Washington, DC, for defendants-appellees. With him on the brief were Peter D. Keisler, Assistant Attorney General; and Mark B. Stern, Attorney. Of counsel was Katherine S. Dawson, Attorney, Appellate Staff, Civil Division, United States Department of Justice, of Washington, DC.
 Before CLEVENGER, BRYSON, and GAJARSA, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case presents a challenge to a federal statute prohibiting disabled military veterans from recovering both disability and military retirement pay. The statutory prohibition was challenged on the ground that the law violates the equal protection component of the Fifth Amendment to the Constitution. The United States District Court for the Western District of Texas, which had jurisdiction under 28 U.S.C. § 1346(a)(2) (the "Little Tucker Act"), dismissed the action for failure to state a claim upon which relief can be granted. Howard v. United States, Civil Action No. SA-01-CA-1165-OG (Jan. 27, 2003). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(2), which grants exclusive appellate jurisdiction to the Federal Circuit over non-tax cases in which district court jurisdiction is based in whole or in part on the Little Tucker Act. Based on a binding prior decision of this court, we affirm.
 
 
 2
 * Plaintiffs are a prospective class of disabled military retirees. They seek money they allege they were deprived of because of a statutory provision that bars them from receiving both military retirement pay and disability compensation from the Department of Veterans Affairs. The prohibition, which is codified at 38 U.S.C. § 5304 (2000), was first enacted in 1891. In 1944 Congress altered the restriction to permit military retirees to receive disability compensation, but only if they agreed to waive retirement pay in an amount equal to their disability benefit. That arrangement is advantageous to retired service members because disability benefits are received tax-free, while military retirement pay is not.
 
 
 3
 In 2001 Congress enacted the National Defense Authorization Act for Fiscal Year 2002, which included a partial repeal of the "concurrent receipt" prohibition. Pub.L. No. 107-107, § 641(a), 115 Stat. 1012, 1149 (2001). Because the provision was unfunded, however, it had no effect. In late 2003, however, Congress enacted the National Defense Authorization Act for Fiscal Year 2004, Pub.L. No. 108-136, which had a practical impact on persons affected by the "concurrent receipt" prohibition. Section 641 of the 2003 Act allows members or former members of the uniformed service who are entitled to retirement pay and disability pay to be paid both, without regard to sections 5304 and 5305 of Title 38, if they are at least 50 percent disabled as defined by Department of Veterans Affairs guidelines, and if they have had at least 20 years of military service. Because the plaintiffs in this action are seeking money they allege they are owed from the period prior to the enactment of the new statute, and because not all members of the prospective class are affected by the partial repeal of the prohibition, the new statutory provision does not render this case moot.
 
 II
 
 4
 Only veterans who retired from military service were subject to the statutory restriction against receiving both retirement pay and disability compensation. Veterans who retired from employment in other branches of the government were not subject to the restriction. In a 1986 case, this court addressed the question whether the concurrent receipt prohibition violated the equal protection rights of military retirees because it treated them differently from veterans who retired from civilian agencies within the federal government. In that case, Absher v. United States, 805 F.2d 1025 (Fed.Cir.1986), the court held that the concurrent receipt prohibition did not violate the plaintiffs' equal protection rights because the prohibition was rationally related to a legitimate governmental interest in limiting public expenditures with respect to a large and discrete class of federal retirees.
 
 
 5
 In this appeal, the plaintiffs contend that Congress's subsequent actions with respect to this matter indicate a change in congressional policy. In light of that change in policy, they argue that the concurrent receipt prohibition is no longer rationally related to a legitimate governmental interest. Because Absher was decided on summary judgment and because the facts relating to this issue have since changed, they argue that the Absher case is not binding and that discovery needs to be conducted to ascertain the validity of their claim.
 
 III
 
 6
 The parties do not dispute that the "rational basis" test applies to the plaintiffs' equal protection argument, i.e., if there is a rational basis for the concurrent receipt prohibition, it may not be invalidated on equal protection grounds. In Absher, this court expressly addressed the question whether the concurrent receipt prohibition was supported by a rational basis and held that it was. Absher, 805 F.2d at 1025.
 
 
 7
 The plaintiffs assert that the congressional justification for the concurrent receipt prohibition has changed in the years since Absher was decided. In support of that assertion, they point to Congress's recent actions repealing the concurrent receipt ban in part. They also allege that they have documentary evidence that the Department of Defense's fiscal management is "deplorable" and that the rationale of fiscal restraint is not justified. Based on those assertions, the plaintiffs argue that the Absher case is not binding authority that justified dismissal of their action.
 
 
 8
 We disagree with the plaintiffs' contention that this case is distinguishable from Absher. As we view the matter, Absher is controlling authority, and the district court was correct to dismiss the action based on our decision in that case. The court in Absher held that there is a rational relationship between the concurrent receipt prohibition and the legitimate governmental interest of fiscal restraint, and that in light of the unique status of military retirees with respect to the time of service necessary for retirement and the benefits extended to military retirees, it was not irrational for Congress to treat military retirees differently from civilian retirees with respect to the cumulation of benefits from different sources.
 
 
 9
 The plaintiffs contend that the "pertinent facts concerning Congress' justification for its current policy regarding the disparate treatment of military retirees vis-à-vis other federal retirees certainly have changed in the many years since Absher was decided." However, the only change in circumstances since Absher on which the plaintiffs rely is the shift in congressional policy away from the concurrent receipt prohibition, which they contend "require[s] a de novo judicial review." In light of Congress's changed stance with respect to the concurrent receipt prohibition, they argue that the statute is now simply an "historical relic" that has no substantial justification.
 
 
 10
 The argument that the concurrent receipt prohibition is not rational because Congress has expressed disapproval of the prohibition in recent years is not well founded. In the exercise of its legislative power, Congress has presumably weighed the competing policy interests and determined that the interests favoring the retention of the concurrent receipt prohibition in its pre-2003 form were outweighed by the interests favoring modification of the prohibition. But Congress's decision to modify the prohibition does not indicate that the pre-amendment statute was irrational. Congress acts based on judgments as to preferable policy; the fact that Congress repeals or modifies particular legislation does not reflect a judgment that the legislation, in its pre-amendment form, lacked rational support. If the concurrent receipt prohibition was rational in 1986, when Absher was decided, it is equally rational now, even though Congress has chosen to alter it.
 
 
 11
 Because our precedent establishes that the concurrent receipt prohibition passes rational basis scrutiny, and because the subsequent congressional modification of the prohibition does not eliminate its rational basis, we affirm the dismissal of plaintiffs' action.
 
 
 12
 
 AFFIRMED.