# United States Court of Appeals for the Federal Circuit

_____

**PRESTON A. MCCORD,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-2243

_____

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00310-EDK, Judge Elaine Kaplan.

_____

Decided: December 4, 2019

_____

JASON MANNE, Pitt Law Veterans Practicum, Pittsburgh, PA, argued for plaintiff-appellant.

STEVEN JOHN GILLINGHAM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by MIKKI COTTET, JOSEPH H. HUNT, DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before NEWMAN, DYK, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

Preston A. McCord ("McCord") appeals from a decision of the Court of Federal Claims ("Claims Court"), which held that (1) the government properly calculated his entitlement to military retirement back pay; (2) the issue of government recoupment of his severance pay was not ripe; and (3) he failed to exhaust administrative remedies necessary to secure an award of out-of-pocket medical expenses. We affirm the Claims Court's judgment except as to out-of-pocket medical expenses. On that issue, we reverse and remand for entry of judgment awarding the claimed costs.

BACKGROUND

I

This case involves the interplay between two statutes providing disability benefits for retired military personnel. Section 1201 of Title 10 provides that military personnel who become disabled in service with at least 20 years of service or at least a 30% disability rating are entitled to receive military retirement pay from the Department of Defense ("DOD") (hereinafter "military retirement pay"). Under Section 1110 of Title 38, veterans are also entitled to receive veterans benefits if they can establish the existence of a service-connected disability (hereinafter "VA benefits"). But, as discussed below, Congress has provided that, in general, veterans cannot simultaneously receive military retirement pay and VA benefits.

There is also a statutory anomaly. Upon separation from service, a disabled veteran may be entitled to receive severance pay if he served less than 20 years and generally has less than a 30% disability rating or a disability that was not incurred in time of war or national emergency. 10 U.S.C. § 1203. If the veteran receives military retirement pay, he is not entitled to severance, and the severance pay must be recouped from the military retirement pay unless the government waives its right to recoupment, *see* 10

U.S.C. § 2774. On the other hand, a veteran who receives VA benefits can retain his severance pay if the "disability [was] incurred in line of duty in a combat zone or incurred during performance of [a designated] duty in combat-related operations." 10 U.S.C. § 1212(d)(2). Thus, a veteran receiving VA benefits may face a disadvantage if he also secures an award of military retirement pay because he would not be entitled to severance pay. However, one advantage of securing eligibility for military retirement pay under such circumstances is TRICARE coverage (discussed below).

## II

McCord injured his back while he served in the United States Army. He was referred to a disability evaluation program conducted jointly by the DOD and Department of Veterans Affairs ("VA"). The VA proposed a 20% rating, which was accepted by the Army's Physical Evaluation Board.

On May 28, 2012, McCord was discharged with a 20% disability rating. Because his rating was below 30% and he served for less than 20 years, McCord received severance pay instead of ongoing military retirement pay. Also, starting June 2012, McCord received monthly payments for VA benefits.

After his discharge, McCord applied to the Army Board for Correction of Military Records ("ABCMR") to correct his record to have at least a 30% disability rating. The ABCMR denied his application, and McCord sought review with the Claims Court. The Claims Court reversed and directed the ABCMR to correct his record to reflect "a combined disability rating of thirty percent . . . and, . . . that [he] was retired with medical retirement pay, rather than discharged with severance pay." J.A. 29. The ABCMR then corrected his record.

In March 2018, McCord in his Claims Court action challenged the government's calculation of his entitlement to military retirement back pay and the government's claimed right to recover the severance pay. He also requested damages for medical expenses that he incurred as a result of his not being afforded TRICARE coverage before the correction. The Claims Court rejected "McCord's approach [to calculate back pay] . . . [as] it would provide him with a windfall by permitting the very 'double-dipping' that the statute forbids" and denied his "relief regarding the recoupment of severance pay . . . as not ripe." J.A. 6, 8. It also held that McCord "failed to exhaust the applicable administrative procedures for securing benefits under TRICARE" and denied relief. J.A. 9–10.

McCord appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3). This court conducts "a plenary review of the legal conclusions of the [Claims Court] while reviewing its factual conclusions for clear error." *Stearns Co. v. United States*, 396 F.3d 1354, 1357 (Fed. Cir. 2005).

DISCUSSION

I. Military Retirement Back Pay

McCord first argues that the government improperly reduced his military retirement payments by the amount of his VA benefits. McCord became eligible for military retirement pay from his discharge date because his disability rating was corrected to be at least 30%. *See* 10 U.S.C. § 1201. The DOD found that he was entitled to military retirement pay of $37.60 for May 29–31, 2012 and $37,646.00 for June 2012–October 2017.[1] However, the DOD determined that McCord could not be paid the military retirement pay for the period after June 2012 because he received VA benefits that exceeded the eligible military

---

[1]    We assume that the claimed back pay period ends in October 2017.

retirement pay for each month.  The Claims Court upheld the DOD's calculation.  McCord argues that it was improper for the DOD to reduce his military retirement pay by the amount of the VA benefits.  We disagree.

Section 5304 of Title 38 provides that a veteran generally cannot be awarded both military retirement pay and VA benefits.  Specifically, it prescribes a "[p]rohibition against duplication of benefits":

> (a)(1) Except . . . to the extent that [military] retirement pay is waived under other provisions of law, not more than one award of . . . [VA] compensation, . . . regular, or reserve [military] retirement pay, . . . shall be made concurrently to any person based on such person's own service . . . .

38 U.S.C. § 5304.  *See generally Absher v. United States*, 805 F.2d 1025, 1027 (Fed. Cir. 1986) (discussing 38 U.S.C. § 3104 (1982), which is the predecessor to § 5304).  This prohibition is inapplicable if a veteran waives his "[military] retirement pay as is equal in amount to . . . [his VA] compensation."[2]  38 U.S.C. § 5305.  Specifically, § 5305 provides:

> [A]ny person who is receiving [military retirement] pay pursuant to any provision of law providing retired or retirement pay . . . and who would be eligible to receive . . . [VA] compensation . . . if such person were not receiving such retired or retirement pay, shall be entitled to receive such . . . [VA] compensation upon the filing . . . of a waiver of so much of such person's [military] retirement pay as

---

[2]    Another exception to § 5304(a)(1) is that a veteran with a disability rating of at least 50% can receive both benefits.  10 U.S.C. § 1414.  This exception is not applicable here.

is equal in amount to such . . . [VA] compensation . . . .

38 U.S.C. § 5305 (emphases added). Thus, § 5304(a)(1) bars a veteran from receiving both military retirement pay and VA benefits absent a waiver under § 5305.

Here, on September 28, 2011, McCord filed a waiver as to military retirement pay by "choosing to receive VA compensation instead of military retire[ment] pay" in a disability evaluation board claim (the "2011 waiver form"). J.A. 620. He agreed that if he is "awarded military retire[ment] pay prior to compensation, [the government] will reduce [his] retired pay by the amount of any [VA] compensation . . . awarded."[3] *Id.* Because McCord executed this waiver, it appears that he cannot receive the claimed military retirement back pay for the period June 2012–October 2017 as his military retirement pay during that period is less than the VA benefits. But McCord argues that the 2011 waiver form does not constitute a waiver of his

---

[3]    The 2011 waiver form states that:

Unless you check the box in Item 13 below, you are telling us that you are choosing to receive VA compensation instead of military retired pay, if it is determined you are entitled to both benefits. If you are awarded military retired pay prior to compensation, we will reduce your retired pay by the amount of any compensation that you are awarded. VA will notify the Military Retired Pay Center of all benefit changes. If you receive both military retired pay and VA compensation, some of the amount you get may be recouped by VA, or in the case of Voluntary Separation Incentive (VSI), by the [DOD].

J.A. 620. McCord did not check the box in item 13 and thus chose VA benefits over military retirement pay.

military retirement back pay. Even if McCord were correct (an issue we do not decide), he still would confront the statutory bar of § 5304(a)(1).

As to that provision, McCord contends that § 5304(a)(1) does not bar his recovery. In his view, the word "concurrently" in that section means that it applies only if the military retirement pay and VA benefits are paid at the same time. He reasons that he is not receiving both benefits at the same time because the military retirement back pay will be paid in the future whereas the VA benefits were paid in the past. This argument lacks merit because § 5304(a)(1) refers to awards of benefits made "concurrently" meaning for concurrent periods. 38 U.S.C. § 5304(a)(1). The timing of the payment is irrelevant.

Not only is the statute clear, but also it would make no sense for Congress to make a veteran whose disability record was later corrected better off than another whose record had no error in the first place. Congress cannot have intended to give the former a windfall of both military retirement pay and VA benefits just because his record contained a mistake. Such a result would be contrary to the very purpose of the Military Pay Act which only entitles a plaintiff to recover "money in the form of the pay that the plaintiff would have received but for the unlawful [action]." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003).

We conclude that McCord is not entitled to receive additional military retirement back pay for the period June 2012–October 2017.

## II. Severance Pay

McCord argues that the government claims entitlement to recoup his severance pay but that 10 U.S.C. § 1174(h)(1) only allows recoupment from reduction of his

military retirement pay.[4]  Since he will not receive military retirement pay (except in the amount of $37.60), recoupment, in McCord's view, is improper.  But McCord concedes that the severance "overpayment issue is not ripe," Reply Br. 1, because a debt has not yet been established by the government and he has requested that the government waive recoupment and this request has not been yet acted on.  The Claims Court properly declined to reach the severance pay recoupment issue.

### III. Out-of-Pocket Medical Expenses

Due to the correction of his disability rating, McCord became retroactively eligible for retirement benefits including TRICARE coverage.  McCord seeks damages in the amount of $4,760.97 for medical expenses that he incurred prior to his being enrolled in TRICARE.  The Claims Court held that he could not recover because he "failed to exhaust the applicable administrative procedures for securing benefits under TRICARE."  J.A. 9.

The government first argues that the Claims Court has no jurisdiction over McCord's claim.  This argument is without merit.  The Tucker Act provides jurisdiction over a claim based on "money-mandating" statutes or regulations. *Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003).  Here, the "Secretary concerned may pay[] . . . a claim for . . . pecuniary benefits, . . . if, as a result of cor-

---

4    Section 1174(h)(1) provides that "[a] member who has received . . . severance pay . . . and who later qualifies for [military retirement] pay . . . shall have deducted from each payment of such [military retirement] pay an amount, in such schedule of monthly installments as the Secretary of Defense shall specify, . . . until the total amount deducted is equal to the total amount of . . . severance pay . . . ."

recting a record . . . the amount is found to be due the claimant on account of his . . . service." 10 U.S.C § 1552(c)(1). Although § 1552 itself is not a "money-mandating" statute, it becomes "money-mandating" if a claimant was improperly denied benefits but became entitled to them under other provisions of law. *See Martinez*, 333 F.3d at 1314–15. Here, the benefit McCord seeks—TRICARE coverage—is a pecuniary benefit that McCord was entitled to receive as a military retiree under the regulation. *See* 32 C.F.R. § 199.17 (implementing the TRICARE program and stating that "[r]etirees and their family members" are beneficiaries of this program). This regulation is the source of McCord's entitlement to incurred medical expenses during the period of time he should have been receiving TRICARE coverage as a military retiree. The Claims Court has jurisdiction over that claim under the Tucker Act.

The government also contends that the Claims Court correctly ruled that McCord was required to first apply for an award under the TRICARE system. This ruling was erroneous. McCord's request is not for a benefit under TRICARE procedures but rather for the monetary loss that he suffered due to the government's failure to provide TRICARE coverage. The government conceded during oral argument that McCord is seeking damages for failure to recognize his eligibility for TRICARE coverage. The TRICARE reimbursement procedure only covers medical claims for services "authorized under the TRICARE Program," *Claims Processing Procedure*, TRICARE Operations Manual 6010.59-M, Ch. 8, Sec. 1 (revised Oct. 20, 2017), https://manuals.health.mil/pages/DisplayManualHtmlFile/TO15/59/AsOf/TO15/c8s1.html#FM69153, and it thus does not provide a remedy for damages flowing from improper exclusion from the TRICARE program. Exhaustion of TRICARE procedures is not required for McCord's claim. The fact that McCord was retroactively given TRICARE entitlement does not change this result.

McCord claims damages in the amount of $4,760.97, which is the total sum of his out-of-pocket expenses that he incurred due to the fact that he was excluded from TRICARE coverage.  The government did not dispute the damages amount before the Claims Court or in its briefing in this appeal.  Under the circumstances, we conclude that McCord has shown his damages and is entitled to an award of $4,760.97.

## CONCLUSION

We reverse the Claims Court's judgment with respect to McCord's claim for out-of-pocket medical expenses, and direct entry of an award for $4,760.97.  We affirm the Claims Court's judgment in other respects.

## AFFIRMED-IN-PART, REVERSED-IN-PART, AND REMANDED

### COSTS

No costs.