NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR HARRIS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2188

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4653, Judge William S. Greenberg.

---

Decided: June 12, 2020

---

KATHERINE A. HELM, Dechert LLP, New York, NY, for claimant-appellant. Also represented by DANIEL ROBERTS, Philadelphia, PA.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR., KELLY A. KRYSTYNIAK; CHRISTINA LYNN

GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before DYK, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Mr. Arthur L. Harris appeals a judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the Board of Veterans' Appeals ("Board") decision that the Department of Veterans Affairs ("VA") properly deducted the amount of Mr. Harris's non-service-connected disability pension from his service-connected disability compensation. We *affirm*.

## BACKGROUND

Mr. Harris began serving in the United States Navy on July 31, 1972. He was stationed at the U.S. Naval Station in San Francisco aboard the USS Midway Carrier deployed in the West Pacific Theater. Mr. Harris was discharged on September 10, 1973.

On October 8, 1997, Mr. Harris filed with the VA (1) a claim for non-service-connected disability pension and (2) a claim for service-connected disability compensation based on traumas suffered during his service on the USS Midway. On October 23, 1998, the VA granted Mr. Harris a non-service-connected disability pension, effective October 8, 1997. However, Mr. Harris's claim for service-connected disability compensation remained unresolved for over 14 years due to a series of appeals and remands. On July 11, 2012, the VA granted Mr. Harris a service-connected disability compensation for "[p]ost traumatic stress disorder with major depressive disorder" at a rating of 70%, effective October 8, 1997. J.A. 979.

On July 31, 2012, the VA sent Mr. Harris a decision letter, stating:

> [Y]ou are entitled to both disability pension and service connected compensation . . . .   Under VA law you can't receive both benefits at the same time.  We have granted service connected compensation as the greater benefit . . . .

J.A. 949.  The VA Regional Office calculated that Mr. Harris was entitled to $188,588.00 for the service-connected disability compensation for the time period from November 1997 to July 2012 and that he had already received $166,157.73 for the non-service-connected disability pension.  As a result, Mr. Harris received $22,430.27 for service-connected disability compensation.  Mr. Harris submitted a Notice of Disagreement, challenging the deduction, but the decision was affirmed by the VA Regional Office.

Both the Board and the Veterans Court in turn affirmed, the Veterans Court finding that "the already-paid [non-service-connected] pension benefits were properly deducted from [Mr. Harris's] lump-sum service connection compensation" under 38 U.S.C. § 5304(a) and 38 C.F.R. § 3.700, which implements section 5304(a).  J.A. 4.

Mr. Harris appeals.  We have jurisdiction pursuant to 38 U.S.C. § 7292(c).  "Constitutional and statutory interpretations by the Veterans Court are reviewed de novo." *McGee v. Peake*, 511 F.3d 1352, 1355 (Fed. Cir. 2008).

## DISCUSSION

### I

Mr. Harris first argues that the statute permits concurrent receipt of non-service-connected disability pension and service-connected disability compensation.  We disagree.

Section 5304 of Title 38 generally prescribes a "[p]rohibition against duplication of benefits": "[N]ot more than one award of pension, compensation[] . . . shall be made

concurrently to any person based on such person's own service." 38 U.S.C. § 5304(a)(1). The statute's plain language prohibits receipt of both pension and compensation benefits for the same period. We have confirmed that section 5304(a)(1) generally prohibits payment of two different benefits for "concurrent periods." *McCord v. United States*, 943 F.3d 1354, 1358 (Fed. Cir. 2019); *see also Howard v. United States*, 354 F.3d 1358, 1360–62 (Fed. Cir. 2004); *Absher v. United States*, 805 F.2d 1025, 1025–26 (Fed. Cir. 1986).

We conclude that the Veterans Court correctly determined that section 5304 prohibited Mr. Harris from receiving both non-service-connected disability pension and service-connected disability compensation.

## II

Mr. Harris also argues that the concurrent receipt prohibition in section 5304 violated his equal protection rights under the Fifth Amendment because other federal employees did not face a similar restriction. Mr. Harris's challenge is reviewed under the rational basis standard. *Howard*, 354 F.3d at 1361. Applying that standard, we have held that section 5304 does not violate equal protection. *Id.* at 1361–62. We have explained:

> [T]here is a rational relationship between the concurrent receipt prohibition and the legitimate governmental interest of fiscal restraint, and . . . in light of the unique status of military retirees with respect to the time of service necessary for retirement and the benefits extended to military retirees, it was not irrational for Congress to treat military retirees differently from civilian retirees with respect to the cumulation of benefits from different sources.

*Id.* at 1361. In *Howard*, this court also rejected the argument that Congress's actions to permit certain exceptions

to the prohibition showed Congress's disapproval of the general prohibition against concurrent receipt of benefits. *Id.* We concluded that "Congress's decision to modify the prohibition does not indicate that the pre-amendment statute was irrational." *Id. See also Absher*, 805 F.2d at 1027 ("The balance [Congress] has thus struck is not only rational, it also bears a demonstrably fair and substantial relation to legitimate legislative objectives and does so without denying equal protection.").

Based on the precedent, we reject Mr. Harris's argument that section 5304 violated his equal protection rights under the Fifth Amendment.

## III

Mr. Harris asserts that the VA denied his due process rights under the Fifth Amendment when it made the deduction without notice and opportunity for a hearing. For support, he relies on *Mathews v. Eldridge*, 424 U.S. 319 (1976). We again disagree.

In *Mathews*, the Supreme Court held that the plaintiff was not deprived of due process when his Social Security disability benefits were terminated without a pre-termination evidentiary hearing. 424 U.S. at 323–24, 349. Similarly, we conclude that the VA's decision to subtract the amount of non-service-connected disability pension (that Mr. Harris already received) from the service-connected disability compensation payment without a pre-termination evidentiary hearing comported with due process.

**AFFIRMED**

COSTS

No costs.