# United States Court of Appeals for the Federal Circuit

———————————

**ANTHONY S. STUART,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

———————————

2024-1024

———————————

Petition for review of the Merit Systems Protection Board in No. NY-0842-17-0107-I-1.

———————————

Decided: June 13, 2025

———————————

SHAUN RYAN YANCEY, Melville Johnson, P.C., Atlanta, GA, argued for petitioner. Also represented by JENNIFER DUKE ISAACS.

CORINNE ANNE NIOSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.; ROXANN SAMANTHA JOHNSON, Office of General Counsel, United States Office of Personnel Management, Washington, DC.

———————————

Before HUGHES, BRYSON, and STARK, *Circuit Judges*.

BRYSON, *Circuit Judge*.

Navy veteran Anthony Stuart appeals from a decision of the Merit Systems Protection Board holding that Mr. Stuart is not entitled to credit for his periods of military service in computing his civilian retirement annuity. The Board held that Mr. Stuart's military service could not be counted in computing his civilian pension because he was already receiving military retired pay based on a disability incurred during his military service. We affirm.

I

Mr. Stuart served on active duty in the Navy during three periods: (1) March 25, 1974, to March 22, 1979; (2) March 18, 1981, to March 16, 1984; and (3) July 23, 1985, to April 23, 1991. J.A. 111. In 1991, the Navy placed Mr. Stuart on the Temporary Disability Retirement List based on various medical conditions. J.A. 132. The Navy subsequently informed Mr. Stuart that his disability was determined to be permanent and that he had been assigned a 60% disability rating. J.A. 57. Accordingly, as of August 1, 1994, Mr. Stuart was placed on the Permanent Disability Retirement List, at which point he became eligible to receive military retired pay. *Id.* The Defense Finance and Accounting Service calculated the amount of Mr. Stuart's retired pay using two methods, one based on the percentage of his disability rating (60%), and the other based on his total years of service (13 years and 8 months). J.A. 91. Mr. Stuart received the amount calculated based on his disability rating, because it yielded a greater gross pay amount. *Id.*

After his military service, Mr. Stuart entered into federal civilian service and became eligible to accrue retirement benefits under the Federal Employees' Retirement System ("FERS"). He retired from his civil service position on November 28, 2015. J.A. 108. On his FERS retirement

application form, Mr. Stuart indicated that he was not waiving his military retired pay in order to receive credit toward his FERS retirement benefits for his military service. J.A. 111.

On March 23, 2016, the Office of Personnel Management ("OPM") issued an initial decision informing Mr. Stuart that his military service was not creditable toward his FERS annuity calculation because he was receiving military retired pay. J.A. 93. OPM explained that by statute Mr. Stuart could not receive both military retired pay and FERS credit for his military service unless his military retired pay was awarded for: (1) service-connected disability either incurred in combat with an enemy of the United States or caused by an instrumentality of war and incurred in the line of duty during a period of war; or (2) retirement from a reserve component of the Armed Services under chapter 1223 of title 10. *Id.*; *see* 5 U.S.C. § 8411(c)(2).

OPM subsequently explained that because Mr. Stuart's military retired pay was not awarded for any of the reasons listed as exceptions in 5 U.S.C. § 8411(c)(2), he was required to waive his military retired pay if he wished to have his military service credited toward the calculation of his FERS annuity. J.A. 66. Mr. Stuart sought reconsideration, asserting that he was not required to waive his military retired pay because his military retired pay was based on his disability, not the length of his service. J.A. 88.

On February 27, 2017, OPM affirmed its initial decision and found that Mr. Stuart was ineligible to receive credit for his military service in the calculation of his FERS annuity. J.A. 84–85. OPM explained that Mr. Stuart's active-duty service was an "integral part" of his military retired pay, whether calculated based on the percentage of his disability or the length of his service. J.A. 85.

Mr. Stuart appealed OPM's determination to the Merit Systems Protection Board. In an initial decision, the administrative judge held that Mr. Stuart must meet the

requirements of 5 U.S.C. § 8411(c)(2) to credit his military service toward his FERS annuity.  J.A. 71.  The administrative judge found that Mr. Stuart was not entitled to such credit because it was undisputed that Mr. Stuart had not waived his military retired pay, and that he did not meet any of the exceptions to the rule against double crediting military service for both military retired pay and a civil service annuity.  *Id.*  The administrative judge also found that because Mr. Stuart was awarded retirement pay based on his period of military service, it was irrelevant whether the amount of that award was calculated based on the percentage of his disability or the length of his service.  J.A. 71–72.  The administrative judge thus concluded that Mr. Stuart was not entitled to receive FERS credit for his military service.  J.A. 72.

The full Board affirmed the initial decision, modifying it only to clarify the administrative judge's "analysis regarding whether [Mr. Stuart's] retired pay is based on his military service."  J.A. 6.  The Board held that the administrative judge erred in finding that the method used to calculate Mr. Stuart's military retired pay was irrelevant, but nonetheless agreed with her ultimate finding that his retired pay was based on his military service.  J.A. 7.

While the Board acknowledged that the amount of Mr. Stuart's retired pay was not calculated based on the length of his service, it explained that he was awarded retired pay for disability that "occurred during his military service."  *Id.*  Moreover, the Board found that there was no evidence to suggest that Mr. Stuart's military retired pay was based solely on his most recent period of service and that Mr. Stuart "does not distinguish among his periods of military service."  J.A. 8.  The Board therefore found that Mr. Stuart's retired pay "is 'based on' all his periods of military service."  *Id.*  Finally, the Board declined to disturb the administrative judge's finding that Mr. Stuart did not dispute that he does not meet any of the statutory exceptions to the rule against double crediting military service

for both military retired pay and a civilian retirement annuity.  J.A. 9.

## II

## A

Section 8411(c) of title 5 provides that for purposes of computing a civil service retirement annuity, a federal employee "shall be allowed credit for . . . each period of military service performed after December 31, 1956, and before the separation on which title to annuity is based." 5 U.S.C. § 8411(c)(1).  In order to avoid double crediting, however, the statute provides that if the employee "is awarded retired pay based on any period of military service, the service of the employee . . . may not include credit for such period of military service" unless an exception applies.  *Id.* § 8411(c)(2); *see also Miller v. Off. of Pers. Mgmt.*, 903 F.3d 1274, 1281 (Fed. Cir. 2018) (The bar against double counting periods of military service "comes into play when a civil service annuitant seeks to increase his or her annuity by adding to his or her creditable civilian service military service time for which the annuitant is receiving military retirement pay.").[1]  The statute provides only two exceptions to the rule against crediting a period of military service for both FERS and military retirement benefits.

First, a period of military service may be credited for FERS annuity when military retired pay for that period is awarded "based on a service-connected disability (i) incurred in combat with an enemy of the United States; or (ii) caused by an instrumentality of war and incurred in line of duty during a period of war as defined by

---

[1] Although *Miller* addressed the bar against double crediting of military service under the Civil Service Retirement System ("CSRS"), 5 U.S.C. § 8332(c)(2), that statute contains the same language as 5 U.S.C. § 8411(c)(2), which applies to benefits under FERS.

section 1101 of title 38." *Id*. § 8411(c)(2)(A). Second, a period of military service may be credited toward FERS annuity when military retired pay for that period is awarded "under chapter 1223 of title 10," which deals with retired pay for persons in non-regular service. *Id*. § 8411(c)(2)(B).

As the Board found, it is clear that Mr. Stuart is receiving military retired pay and that he has elected not to waive his military retired pay, a requirement for having "years of uniformed service counted with his civilian service in the calculation of a civil service annuity." *Absher v. United States*, 805 F.2d 1025, 1026 (Fed. Cir. 1986). It is also clear that Mr. Stuart has not established that either exception under section 8411(c)(2) applies to him.[2]

Mr. Stuart argues that section 8411(c)(2) "does not apply to [him] because he was not awarded military retired pay based on any period of his military service." Appellant's Opening Br. at 11. Specifically, Mr. Stuart argues

---

[2]     In his reply brief, Mr. Stuart argues that being discharged without a discharge certificate prevented him from asserting that he fell within one of the exceptions under section 8411(c)(2)(A), although he does not make any showing that his disability fell within either exception. Appellant's Reply Br. at 1. The closest he comes to doing so is to contend that because he worked with hazardous materials while he was in the Navy, "[h]e was harmed greatly in serving his country similar to those servicemen who were injured in combat or by an instrumentality of war during a period of war," and that "he should be entitled to the exception just as those servicemen are entitled to the exception." *Id*. at 4. These arguments fail to raise a factual dispute about whether his disability was incurred in combat or by an instrumentality of war in the line of duty during a period of war. Nor does he suggest that he was awarded retirement pay for non-regular service under chapter 1223 of title 10.

that he is "entitled to receive credit for his military service under FERS because his military disability retirement pay was not based on his years of service" but was "based on his disability percentage." *Id.* at 10.

We disagree with Mr. Stuart's argument that military retired pay calculated based on the percentage of disability does not qualify as "retired pay based on any period of military service." As an initial matter, section 8411(c)(2) clearly contemplates that military retired pay awarded "based on a service-connected disability" constitutes a type of "retired pay based on any period of military service." Otherwise, it would make no sense for the statute to refer to retired pay based on specific service-connected disabilities as exceptions to the principle against double crediting a period of military service.

By Mr. Stuart's logic, it would be irrelevant whether a service-connected disability was incurred in combat or caused by an instrumentality of war in the line of duty during a period of war; double crediting would be allowed so long as the veteran's military retired pay was calculated based on the percentage of his disability.

That is not what the statute says. *See Francis v. Off. of Personnel Mgmt.*, 985 F.2d 585, 1992 WL 379430, at *2 (Fed. Cir. 1992) ("[The appellant] would have us hold that all military disability pay is exempt from the demands of section 8332(c)(2). Doing so, however, would render superfluous the language of section 8332(c)(2)(A)(i) and (ii) that exempts retired pay based on specific disabilities.").

The plain language of section 8411(c)(2) thus bars double crediting Mr. Stuart's military service in computing his FERS annuity.

B

To buttress his argument, Mr. Stuart invokes this court's decision in *Babakitis v. Office of Personnel Management*, 978 F.2d 693 (Fed. Cir. 1992), as requiring that his

military service be credited in calculating his civilian annuity even though he is receiving military retired pay for those periods of service. That case, however, does not support his position.[3] In particular, *Babakitis* does not stand for the proposition that a period of military service may be double credited if the amount of military retired pay was calculated based on the veteran's percentage of disability, rather than the length of his service.

Mr. Babakitis had an initial ten-year period of active-duty service in the military, followed by a period of civilian service that ended with his retirement in 1973. When he separated from the civil service in 1973, he began receiving a Civil Service Retirement Act ("CSRA") annuity that credited his ten years of military service that preceded his civilian employment. Following his retirement from the civil service, Mr. Babakitis embarked on another period of active duty in the military. Subsequently, during that second period of military service, Mr. Babakitis became disabled and was awarded a military disability pension, which was calculated based on the percentage of his disability because it provided a larger amount than the calculation based on the length of his service.

At issue in that case was whether Mr. Babakitis's military disability pension nullified his "entitlement to credit

---

[3]    Mr. Stuart also argues that the Board erred "in not considering relevant language from the OPM CSRS and FERS Handbook regarding waiver of military retired pay." Appellant's Opening Br. at 11. The Board, however, did consider the Handbook. The Board found that Mr. Stuart's "military service, during which he developed a disability, is not similar to those types of military service described in the Handbook." J.A. 8–9. The Board also found that "the Handbook does not conflict with 5 U.S.C. § 8411(c), or our analysis of that statutory provision." J.A. 9. There is no error in those findings.

under CSRA for his [initial] ten-year period of military service." 978 F.2d at 694. The court held that there was no impermissible double crediting of the initial ten-year period because Mr. Babakitis's military pension was not "based on" that initial period. *See id.* at 696 ("The statute begins with a direction that credit *shall* be given for *each period* of military service before the annuitant separates from a civilian position. It is, thus, necessary to look first at whether Babakitis's military pension is *based on* his initial ten years in the military.").

The court explained that "[t]he calculation of Babakitis's disability annuity was 'based on' (1) a disability which occurred during his final period of military service and (2) the extent of his disability, not on the total length of his military service." *Id.* That statement, however, does not mean that retired pay cannot be "based on" a period of military service if its amount is calculated using the percentage of the veteran's disability. The court's analysis was confined to whether Mr. Babakitis's retired pay was "based on" his initial period of military service, and the court found no connection between that period and his military retired pay, which was only awarded after he became disabled during the later period of service. *See id.* at 695 ("As an initial matter it should be understood that only military service time *prior* to civilian employment is at issue.").

Because Mr. Babakitis's military pension was not "based on" his initial period of military service, he did not run afoul of the double crediting prohibition of section 8411(c), which precludes crediting a period of service that resulted in retired military pay if the veteran is seeking credit for "such service" toward his civilian retirement annuity. This court's decision in *Babakitis* therefore does not give Mr. Stuart the right to obtain credit for his military service toward both his military retirement pay and his FERS retirement annuity.

C

Finally, Mr. Stuart asserts at one point in his brief that "[h]is military retired pay had to be based on his final period of service because the U.S. military would not have allowed [him] to re-enlist with a disabling medical condition." Appellant's Opening Br. at 22.  Mr. Stuart, however, did not make any argument regarding the distinctness of his periods of service before the Board.  *See* J.A. 8 ("[Mr. Stuart] acknowledges on review that his military retirement was based on disabilities that he acquired while working with hazardous substances during his military service, and he does not distinguish among his periods of military service.  Therefore, we find that the appellant's retired pay is 'based on' all his periods of military service within the meaning of 5 U.S.C. § 8411(c)(2).").  The Board, in any event, found "no evidence to suggest that his military retired pay was based solely on his most recent period of service." *Id*.  We find no error in that finding.

We therefore uphold the Board's analysis of the statute and its application to Mr. Stuart's case.

**AFFIRMED**

COSTS

No costs.