# United States Court of Appeals for the Federal Circuit

04-5031

THE STEARNS COMPANY, LTD.,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.


Bruce F. Clark, Stites & Harbison PLLC, of Frankfort, Kentucky, argued for plaintiff-appellee. With him on the brief were Judith A. Villines and Michele M. Whittington.

Katherine J. Barton, Attorney, Appellate Section, Environment & Natural Resources Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant. With her on the brief were Thomas L. Sansonetti, Assistant Attorney General, Silvia Sepulveda-Hambor and Kathryn E. Kovacs, Attorneys. Of counsel on the brief was Daniel W. Kilduff, Office of the Solicitor, United States Department of the Interior, of Washington, DC. Of counsel was Kelly A. Johnson, Deputy Assistant Attorney General.

John D. Echeverria, Georgetown Environmental Law & Policy Institute, Georgetown University Law Center, of Washington, DC, for amicus curiae Kentucky Resources Council, Inc.

Timothy J. Dowling, Community Rights Counsel, of Washington, DC, for amici curiae International Municipal Lawyers Association and The National League of Cities. Of counsel on the brief was Jason C. Rylander.

Appealed from:    United States Court of Federal Claims

Senior Judge Loren A. Smith

# United States Court of Appeals for the Federal Circuit

04-5031

THE STEARNS COMPANY, LTD.,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.

_____

DECIDED: January 28, 2005

_____

Before CLEVENGER, SCHALL, and GAJARSA, Circuit Judges.

CLEVENGER, Circuit Judge.

The United States appeals the judgment of the Court of Federal Claims that provisions of the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. §§ 1201-1328, effected a taking of Appellee's mineral rights. See Stearns Co. v. United States, 53 Fed. Cl. 446 (2002). Because the Court of Federal Claims erred in concluding that SMCRA produced a physical taking of Appellee's mineral rights and because a claim that SMCRA caused a regulatory taking is not ripe, we reverse.

I

This case involves property that is currently part of the Daniel Boone National Forest. In 1937, Appellee sold the surface rights to the property to the United States. 53 Fed. Cl. at 447. By deed, Appellee retained in perpetuity the mineral rights

consisting of "all metalliferous metals, coal, oil, gas, and limestone," id., which the parties accept under Kentucky law "carries with it an implied appurtenant easement for the use of the surface giving the holder the right to access and use the surface for the purpose of removing [the] minerals." Id. at 452.

Thereafter, in 1977, Congress enacted SMCRA the purpose of which is to "establish a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations." 30 U.S.C. § 1202(a); Hodel v. Va. Surface Mining and Reclamation Ass'n, 452 U.S. 264, 268 (1981). SMCRA is administered by the Office of Surface Mining Reclamation and Enforcement ("OSM"). Hodel, 452 U.S. at 268-69.

SMCRA prohibits surface mining, including surface activity associated with underground mining, in national forests unless the party seeking to mine has "valid existing rights" ("VER") or where "the Secretary finds that there are no significant recreational, timber, economic, or other values which may be incompatible with such surface mining operations." 30 U.S.C. § 1272(e)(2) (2000). A party has VER where permits to conduct mining were secured, or in good faith applied for, before SMCRA was enacted. 58 Fed. Cl. at 449.

Appellee leased its mineral interest to Ramex Mining Corporation ("Ramex") in 1980. Id. at 448. To access the minerals, Ramex needed to disturb the surface of the national forest property. OSM advised Ramex that it needed to submit an application so that OSM could determine whether Ramex had VER, and if not, make a compatibility determination. Id. Ramex initially sought a compatibility determination, but Appellee, pursuant to the terms of the lease, demanded that Ramex withdraw the application. Id.

In 1986, OSM determined that Appellee does not have VER.  Id. at 449.  Appellee did not subsequently seek a compatibility determination, deciding instead to bring suit in the Court of Federal Claims claiming that the denial of VER constituted a taking of their property.

The Court of Federal Claims agreed with Appellee, concluding that in implementing SMCRA the United States caused a "physical taking by operation of law."  Id. at 447.  According to the Court of Federal Claims, a physical taking occurred when the United States adopted the "good faith, all permits test" for VER, which, also according to the Court of Federal Claims, abolished Appellee's surface easement and therefore its "right to mine."  Id. at 450-51.  The Court of Federal Claims was unimpressed with the United States' argument that SMCRA acted only as a regulatory framework and that the provision permitting mining in the event of a favorable compatibility determination was a regulatory mechanism for allowing Appellee or its lessee to mine the property in question.  The United States appeals.  This court has the power to hear appeals from final decisions of the Court of Federal Claims pursuant to 28 U.S.C. § 1295(a)(3) (2000).

II

Whether a taking has occurred is a question of law based on factual underpinnings.  Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001).  We conduct a plenary review of the legal conclusions of the Court of Federal Claims while reviewing its factual conclusions for clear error.  Id.  The facts of this case are not in dispute.

The United States argues that the facts of this case cannot give rise to a physical taking and to the extent they might support a regulatory taking, such a claim is not yet ripe because there is no final administrative decision on whether Appellee can mine. Appellee counters that the determination by OSM that it did not have VER was the act that effected the taking because it unilaterally transferred the surface easement from Appellee to the United States. Accordingly, Appellee argues that there is no need to seek a compatibility determination, which under Appellee's theory is irrelevant to the taking inquiry.

A

The application of SMCRA to Appellee's mineral property and accompanying implied appurtenant easement is not a physical taking. A physical taking occurs "when the government itself occupies the property or 'requires the landowner to submit to physical occupation of its land.'" Forest Props., Inc. v. United States, 177 F.3d 1360, 1364 (Fed. Cir. 1999) (quoting Yee v. City of Escondido, 503 U.S. 519, 527 (1992)); see also Tuthill Ranch, Inc. v. United States, 381 F.3d 1132, 1135 (Fed. Cir. 2004) (explaining that physical takings require physical possession).

Here, the government has not occupied Appellee's mineral property or the accompanying implied appurtenant easement. Also, the government has not required Appellee to accept the physical presence of a third party on any of the property. Appellee's argument to the contrary is little more than an incredible attempt to transform a regulatory taking claim into a per se physical taking. Under Appellee's theory, the implied appurtenant easement that attends the mineral estate creates a power in

Appellee to be free from regulation that addresses the circumstances of access to that mineral estate.

It does not. For that reason, Appellee's complaint that it has been ousted from its easement, or that its easement has been taken or extinguished because Appellee does not have VER and must submit to a compatibility determination is not tenable. As the Supreme Court has held, SMCRA is facially constitutional. See Hodel, 452 U.S. at 275-305. Accordingly, the question is not whether the government can regulate, but whether government regulation produces a taking. What remains is the question of the extent to which government regulation interferes with the economic use of the property. This is a classic example of a regulatory taking problem, not, as the Court of Federal Claims believed, an example of a physical taking.

B

Once viewed from the proper perspective, i.e., as a claim for a regulatory taking, it becomes clear that Appellee's claim is not ripe. The mere assertion of regulatory jurisdiction by a governmental body does not constitute a regulatory taking. See United States v. Riverside Bayview Homes, Inc., 474 U.S. 121, 126 (1985) (citing Hodel). When the regulatory framework provides for the procedures through which a property owner can obtain permission to use the property, the deciding agency may ultimately permit the property owner to use the property as desired. Id. at 127. Consequently, the general rule is that a claim that government regulation has taken the economic viability of a property "is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to

the property at issue." <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 186 (1985).

As noted above, the SMCRA regulatory scheme requires that Appellee get administrative permission to disturb the surface of the national forest. Relevant to this case, that permission can be obtained by one of two avenues: (1) showing that the landowner has VER or (2) obtaining a favorable compatibility determination.

Here, Appellee sought and was denied the status of a property owner with VER. Appellee has decided not to challenge the administrative interpretation of VER or the application of that interpretation to its property. Failure to obtain VER status has not, however, defeated Appellee's expectation that it may use the property in question. To the contrary, Appellee may still obtain permission to use its easement and access the mineral estate by seeking a compatibility determination. Thus, this is not a case where a property owner's decision to avoid the remaining administrative procedures can be excused as futile. <u>See</u> <u>Greenbriar v. United States</u>, 193 F.3d 1348, 1359 (Fed. Cir. 1999). There is no dispute that OSM has the authority, by application of the compatibility provision, to permit the use that Appellee seeks.

III

In summary, the Court of Federal Claims erred when it determined that a physical taking occurred when OSM determined that Appellee did not have VER. At no time was Appellee required to suffer the physical occupation of either the government or a third party on either the mineral estate or the implied appurtenant easement. Furthermore, by refusing to seek a compatibility determination, Appellee prevents this court from knowing whether or to what extent the agency will restrict the use of the

property at issue.  A determination by OSM that Appellee's proposed mining is not incompatible under 30 U.S.C. § 1272(e) and 30 C.F.R. § 761.5 could allow Appellee to use its easement and mine its mineral estate.  OSM has not made a final determination.  Thus, to the extent the Court of Federal Claims viewed this case as presenting a regulatory taking, it erred in finding a taking as a claim for a regulatory taking is not ripe for review.

For the reasons discussed above, the decision of the Court of Federal Claims is reversed.

REVERSED
