# United States Court of Appeals for the Federal Circuit

---

**GEORGE ANDERSON, AUDREY BABLES, CHRISTOPHER DONAL, ESTES ET UX, ADELE MARY GADLIN, MICHAEL HOLLEMAN, REGINA HOLLEMAN, SHERRY DIANE BRANDON HOLLOMAN, RALPH DAVID HOLLOMAN, ROBERT MOORE KING, DORIS J. KING, TERESA MAYS, LESTER MCDOWELL, MARIA ROSA MENDOZA, JUNIOR MORGAN, GINA GAIL MOSLEY, DINNA ANNETTA PATTON, MICHAEL PATTON, ERIC J. POWERS, TANYA RENEE RIGSBY, NKA TANYA GRAVES, W S SPEARMAN, DAVID SMITH, LYDIA C. WEAVER, CHARLES E. WILSON, APALA D. WILSON, KATIE G. WRIGHT, ESTATE OF JUSTO & CLAR BELTRAN, EUNICE JACKSON,**
*Plaintiffs-Appellants*

**JAVIER SANCHEZ, VALENTINA SANCHEZ, LOVIE LEE STANLEY, DOE NO. 3,**
*Plaintiffs*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1445

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00668-MMS, Senior Judge Margaret M. Sweeney.

———————————————

Decided: January 20, 2022

———————————————

JOHN ROBERT SEARS, Baker, Sterchi, Cowden & Rice LLC, St. Louis, MO, argued for plaintiffs-appellants.

JEFFREY AARON HALL, Environment and Natural Resources Division, United States Department of Justice Washington, DC, argued for defendant-appellee. Also represented by ERIKA KRANZ, JEAN E. WILLIAMS.

———————————————

Before PROST, REYNA, and STOLL, *Circuit Judges.*

REYNA, *Circuit Judge.*

In this rails-to-trails case, the United States Court of Federal Claims interpreted multiple real property deeds and determined that the property owners conveyed fee simple interests, not easements, to a railroad. The Court of Federal Claims granted summary judgment for Appellee, the United States, upon determining that no takings from the landowners occurred when the government later authorized conversion of the railroad line to a recreation trail. We hold that the granting clauses of the subject deeds unambiguously conveyed fee simple interests in the land and not easements despite contradictory language elsewhere in the deeds. We affirm the judgment of the Court of Federal Claims.

BACKGROUND

The Surface Transportation Board ("STB") has exclusive jurisdiction to regulate the discontinuance or abandonment of nearly every railroad in the United States. *See*

49 U.S.C. § 10501(b).  The STB is tasked with, among other things, enforcing the National Trails System Act (the "Trails Act").  *See* 16 U.S.C. §§ 1241, *et seq.*

In 1983, Congress amended the Trails Act by adding a process known as "railbanking."  *See* 16 U.S.C. § 1247(d).  In general, railbanking involves the transition of unused railroad corridors into recreational hiking and biking trails—a process commonly referred to as "rails to trails."  Like a discontinuance or abandonment, railbanking is subject to authorization by the STB, and the STB retains jurisdiction over the railroad line.  *See Preseault v. Interstate Com. Comm'n*, 494 U.S. 1, 6–7 (1990).

Generally, railbanking involves a transfer of interest in the use of a rail corridor to a third-party entity.  *See* 16 U.S.C. § 1247(d).  This transfer of interest can constitute a taking depending on the nature of the property interest held by the railroads.  *See Preseault v. United States*, 100 F.3d 1525, 1552 (Fed. Cir. 1996).  If a railroad initially was granted only a limited-use easement over the corridor, then a taking may occur when the STB authorizes the third-party entity to make use of the corridor for recreational purposes.  *Id.*  If the railroad initially was granted a fee simple interest, the railbanking may result in no taking because "there is no owner of a separate underlying property interest to claim the rights of the servient estate holder."  *Id.*

PROCEDURAL HISTORY

Plaintiffs-Appellants (the "Landowners")[1] own parcels of land adjacent to a 2.45-mile strip of a railroad line (the

---

[1]    The Landowners in this action are George Anderson, Audrey Bables, Christopher Donal Estes Et Ux, Adele Mary Gadlin, Michael Holleman, Regina Holleman, Sherry Diane Brandon Holloman, Ralph David Holloman, Robert Moore King, Doris J. King, Teresa Mays, Lester McDowell,

"Line") in McLennan County, Texas, which is owned by Union Pacific Railroad Company. *See* J.A. 41. Union Pacific's predecessor in interest, Texas Central Railroad Company ("Texas Central"), originally acquired the Line in 1902 through a series of transactions, including multiple deeds executed by the Landowners' predecessors in interest. Three of those deeds are at issue in this appeal: (1) the Falkner Deed, (2) the Brown Deed, and (3) the George Deed. J.A. 82–93.

In February 2019, the Landowners filed an amended complaint in the United States Court of Federal Claims ("Court of Federal Claims"), alleging takings of real property interests caused by the STB's authorization of railbanking of the Line. J.A. 4. The Landowners sought compensation based on a theory that their predecessors in interest had conferred only easements to Texas Central in the century-old deeds. *Id.*

The parties agree that all three deeds at issue on appeal contain the same operative language. By way of example, the Falkner Deed was executed in March 1902 and provides in relevant part:

> That we C. Falkner and wife Emma J. Falkner . . . do grant, bargain, sell and convey unto the said Texas Central Railroad Company *all that piece or parcel of land*, situate, lying and being in the County of McLennan, State of Texas, and described as follows:

---

Maria Rosa Mendoza, Junior Morgan, Gina Gail Mosley, Dinna Annetta Patton, Michael Patton, Eric J. Powers, Tanya Renee Rigsby n/k/a Tanya Graves, W S Spearman, David Smith, Lydia C. Weaver, Charles E. Wilson, Apala D. Wilson, Katie G. Wright, the Estate of Justo & Clar Beltran, and Eunice Jackson.

> Being a strip of land 75 feet in width . . . [detailed description of land].  This conveyance is made to the Texas Central Railroad Company for a *right of way* over and upon which the said railroad company is to construct and operate and maintain its said railroad as the same is now located and established over and upon the above described tracts of land. *And the right to take and use all stone earth and other material existing or that may be found within the right of way is hereby granted.*

J.A. 82–85 (emphases added).

The Court of Federal Claims interpreted the deeds as having granting clauses (the first paragraph reproduced above) that conveyed fee simple estates, not easements. *Anderson v. United States*, 147 Fed. Cl. 661, 676–79, 681 (2020).  The Court of Federal Claims explained that under Texas law, the granting clause controls if it is not ambiguous, despite other language in the deed(s) referring to the conveyance as a right of way.  *Id.* at 677 (citing *Tex. Elec. Ry. Co. v. Neale*, 252 S.W.2d 451, 453 (Tex. 1952)).  The Court of Federal Claims concluded that because the granting clauses at issue unambiguously conveyed fee simple interests, summary judgment in favor of the government was proper as to all claims based on the Falkner, Brown, and George deeds.

The Landowners appeal.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## STANDARD OF REVIEW

We review the Court of Federal Claims's legal conclusions de novo and its factual findings for clear error.  *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1351 (Fed. Cir. 2013) (citing *Estate of Hage v. United States*, 687 F.3d 1281, 1285 (Fed. Cir. 2012)).  Accordingly, we review a grant of summary judgment by the Court of Federal Claims de novo.  *FastShip, LLC v. United States*,

892 F.3d 1298, 1302 (Fed. Cir. 2018).  Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law.  *Id.*; RCFC 56(a).  We view the facts supported by evidence, as well as all inferences drawn therefrom, in the light most favorable to the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Whether a taking occurred is a legal question based on factual underpinnings.  *Chi. Coating Co., LLC v. United States*, 892 F.3d 1164, 1169 (Fed. Cir. 2018) (quoting *Stearns Co. v. United States*, 396 F.3d 1354, 1357 (Fed. Cir. 2005)).  In a takings case, determining the scope of a compensable property interest is a question of law.  *Casitas*, 708 F.3d at 1351 (citing *Tex. State Bank v. United States*, 423 F.3d 1370, 1378 (Fed. Cir. 2005)).  Relevant here, whether a specific deed conveys a fee simple interest or an easement is a question of law that we review de novo under the law of the state in which the property interest arises, here the State of Texas.  *Chi. Coating*, 892 F.3d at 1169–70 (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

In Texas, the standard of review applied to summary judgment in a deed construction case "is tied directly to whether the deed is clear on its face."  *BNSF Ry. Co. v. Chevron Midcontinent, L.P.*, 528 S.W.3d 124, 128 (Tex. App. 2017).  An unambiguous deed is reviewed de novo, looking only to the four corners of the document and employing the usual canons of textual construction.  *Id.* (citing *Clayton Williams Energy, Inc. v. BMT O & G TX, L.P.*, 473 S.W.3d 341, 348 (Tex. App. 2015)).  Interpretation of an ambiguous deed, i.e., a deed with two or more reasonable interpretations, presents a mixed question of law and fact, as a court may consider parol evidence regarding intent.  *Id.*  That said, "[a] deed is not ambiguous merely because certain provisions of the deed conflict or appear to be internally inconsistent."  *Id.*

DISCUSSION

The Landowners concede that they would not have any interests remaining in the corridor if fee simple interests were conveyed under the subject deeds. *See* Appellants' Br. 2. Indeed, "[i]f the railroad company owns the land in fee simple, then the Government cannot have committed a taking and the analysis ends." *Chi. Coating*, 892 F.3d at 1170 (citing *Preseault*, 100 F.3d at 1533). Therefore, we first review whether the Falkner, Brown, and George deeds conveyed fee simple interests.

We agree with the Court of Federal Claims that *Texas Electric Railway Co. v. Neale*, 252 S.W.2d 451 (Tex. 1952), is controlling in this action. The deed in *Neale* contained the following language:

(1) Know All Men By These Presents: That We . . . do by these presents grant, sell and convey . . . *the following described piece or parcel of land*, to-wit:

(2) [detailed description of land]

(3) It being the intention of this deed to convey *a strip of land* 100 feet wide for 550 feet, and 80 feet wide for the balance of the way through the property of J J Dean in the Tomas de la Vega Eleven League Grant.

(4) It is further understood herein that *the above strip of land is conveyed* upon the further condition and consideration that said Southern Traction Company will, as soon as it begins operation, establish a stop on *the right of way* hereinabove conveyed about the center thereof for the purpose of letting passengers on and off its cars which stop shall be as near a street crossing as possible and said Co., shall forever keep up and maintain said stop when so established, and said company further agrees to allow to be opened and dedicated as streets across said *right of way* such streets as may be opened by

> grantors herein, it being understood that the prop-
> erty through which this right of way is given is to
> be opened up as an addition to the city of Waco,
>
> . . .
>
> (6) However, *this deed is made as a right-of-way
> deed* for an Interurban Railway from Dallas to
> Waco, Texas, and in case said railway shall not be
> constructed over said land then this conveyance
> shall be of no effect.

*Neale*, 252 S.W.2d at 452–53 (emphases added).

Faced with conflicting language in the *Neale* deed, the
Texas Supreme Court examined Texas case law and artic-
ulated the following rules for interpreting such deeds:

> First . . . a deed which by the terms of the granting
> clause grants, sells and conveys to the grantee a
> "right of way" in or over a tract of land conveys only
> an easement; and second . . . *a deed which in the
> granting clause grants, sells and conveys a tract or
> strip of land conveys the title in fee, even though in
> a subsequent clause or paragraph of the deed the
> land conveyed is referred to as a right of way.*

*Id.* at 453 (emphasis added) (citing *Right of Way Oil Co. v.
Gladys City Oil, Gas & Mfg. Co.*, 157 S.W. 737 (Tex. 1913)
(easement conveyed where granting clause recited: "I . . .
have and do hereby grant . . . for the purpose of construct-
ing, operating and maintaining its railroad, *the right of
way*, two hundred feet in width, over and upon the above-
described tract of land" (emphasis added)); *Calcasieu Lum-
ber Co. v. Harris*, 13 S.W. 453 (Tex. 1890) (fee simple inter-
est conveyed where granting clause recited "a strip of land"
even though deed later referred to the land as a "right-of-
way"); *Brightwell v. Int'l-Great N. R.R. Co.*, 49 S.W.3d 437
(Tex. 1932) (fee simple interest conveyed where granting
clause recited "a strip of (200) Two Hundred feet in width

of land" even though deed later referred to a "right of way")).

Here, the granting clause in the Falkner deed reads: "[W]e C. Falkner and wife Emma J. Falkner . . . grant, bargain, sell and convey unto the said Texas Central Railroad Company *all that piece or parcel of land*, situate, lying and being in the County of McLennan, State of Texas, and described as follows: . . . ." J.A. 82–85 (emphasis added). As in *Neale*, this granting clause unambiguously conveys a piece or parcel of land, not an easement right of way. Well-settled Texas law instructs that the granting clause controls, even if the deed later refers to the conveyed land as a right of way. *Neale*, 252 S.W.2d at 453. As the Texas Supreme Court stated in 1932, and again in 1952, this rule "has become a rule of property under which titles and securities of immense value have been acquired in [Texas], and it should not now be disturbed or changed." *Id.* at 455 (quoting *Brightwell*, 49 S.W.2d at 439).

The Landowners argue that we should follow the more-recent ruling in *BNSF Railway Co. v. Chevron Midcontinent, L.P.*, 528 S.W.3d 124, 128 (Tex. App. 2017), instead of *Neale*. Appellant's Br. 12–16. However, the *BNSF* decision is distinguishable from both *Neale* and the present action. In *BNSF*, the granting clause at issue conveyed "unto the said party . . . and unto its successors and assigns, *for a right of way, that certain strip of land* hereinafter described, as *the same has been finally located over, through or across the following tracts of land* . . . ." 528 S.W.3d at 130. The *BNSF* court noted that "the language in the granting clause d[id] not clearly convey only a strip of land, but rather straddle[d] the line between the two different types of deeds, blending elements of both together." *Id.* Thus, *Neale* was not dispositive in *BNSF* because the granting clause at issue in *BNSF* was ambiguous. *Id.* at 135. *BNSF* does not help the Landowners in this action because the granting clauses of the Falkner, Brown, and

George deeds clearly convey only a piece or parcel of land; they are not ambiguous like the granting clause in *BNSF*.

The Landowners also contend that the deeds conveyed easements because they also granted the right to take natural resources, such as stone, timber, earth, and other materials, from the land, a grant that would have been superfluous if the land was conveyed in fee simple. Appellant's Br. 17–19. This argument, however, was settled by *Calcasieu Lumber*, *Brightwell*, and *Neale*. The deeds at issue in those cases also contained similar grants of the right to take materials from the land. *See Neale*, 252 S.W.2d at 455 (acknowledging that the deeds in *Calcasieu Lumber* and *Brightwell* also conveyed the right to take materials from the land). Regardless, "[u]nder *Neale*, the unambiguous granting clause would knock out any contradictory language repugnant to that conveyance, which would mean reading the natural resource right allocation as being a redundancy." *BNSF*, 528 S.W.3d at 133 & n.8 (explaining that the conveyed right to take and use "all of the wood, water, stone, timber and other material on said strip of land" was relevant there only because the deed in *BNSF* did "not have an unambiguous granting clause"). Here, the unambiguous granting clause knocks out as redundant the subsequent language in the deeds that contradict the fee simple conveyance. We therefore hold that the granting clauses of the deeds at issue unambiguously conveyed fee simple interests and not easements despite the presence of contradictory language elsewhere in the deeds.

## CONCLUSION

The Falkner, Brown, and George deeds conveyed fee simple interests and not easements. Accordingly, we

affirm the summary judgment granted by the Court of Federal Claims in favor of the appellee.

**AFFIRMED**

Costs

No costs.